**[J-30-2018]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 736 CAP |
| | : | |
| Appellee | : | Appeal from the Order entered on |
| | : | 12/31/2016 in the Court of Common |
| | : | Pleas, Lehigh County, Criminal |
| v. | : | Division, dismissing PCRA relief at |
| | : | No. CP-39-CR-0003716-1996. |
| | : | |
| JAMES T. WILLIAMS, | : | SUBMITTED:  March 19, 2018 |
| | : | |
| Appellant | : | |

**OPINION**

**JUSTICE MUNDY**                                        **DECIDED:  November 21, 2018**

Appellant, James T. Williams, appeals from the order of the Court of Common Pleas of Lehigh County dismissing his timely first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.[1]  We affirm.

**I. Factual and Procedural Background**

On May 29, 1995, Appellant, together with four co-defendants, planned to rob Richard White, a drug dealer they believed to possess significant amounts of cash. During the commission of the robbery outside White's home, Appellant shot White three times with a MAC 10 automatic weapon.  White died from his wounds.  Appellant

---

[1] The PCRA provides that this Court shall have exclusive jurisdiction over appeals from a final order granting or denying relief in cases where the death penalty has been imposed. 42 Pa.C.S. § 9546(d); *Commonwealth v. Mason*, 130 A.3d 601, 610 n.1 (Pa. 2015).

represented himself during his trial and sentencing proceedings, which were presided over by Judge Edward Reibman. Judge Reibman appointed standby counsel.[2] A jury convicted Appellant of first-degree murder, robbery, and conspiracy to commit robbery.[3] Thereafter, Appellant was sentenced to death. On appeal, Appellant again proceeded pro se with access to new standby counsel. A more detailed account of the factual and procedural history of this stage of the case is provided in our 2006 opinion. *See Commonwealth v. Williams*, 896 A.2d 523, 530-32 (Pa. 2006), *cert. denied*, 549 U.S. 1213 (2007) (*Williams I*).

On direct appeal, standby counsel, on behalf of Appellant, filed several procedural applications with this Court during the pendency of the appeal. In addition to four requests for extension of time to file a brief, which we granted, standby counsel filed an application for remand to the trial court to prepare a supplemental opinion; an application for remand to the trial court to supplement the certified record; a motion for funds and/or remand to retain the services of mitigation and psychological experts; a motion for remand to supplement the certified record with affidavits of witnesses; and a motion for remand to supplement the certified record with an affidavit of standby counsel. On April 9, 2003, standby counsel, on behalf of Appellant, filed Appellant's brief, raising eighteen allegations of error in the pre-trial, trial and penalty phases of the trial court proceedings.

On April 29, 2003, this Court issued a series of per curiam orders which granted remand for standby counsel to file a statement of matters complained of on appeal with the trial court and for that court to prepare a supplemental opinion; granted remand to supplement the certified record; granted remand for the trial court to consider Appellant's

---

[2] The Commonwealth was represented by then Assistant District Attorney (ADA) Maria L. Dantos. In 2007, ADA Dantos was appointed <u>to</u> fill a vacancy on the Court of Common Pleas of Lehigh County and subsequently elected to a full term.

[3] 18 Pa.C.S. §§ 2502(a), 37(a)(1); and 903(a)(1) & (2), respectively.

request to supplement the certified record with witness statements regarding any grant of immunity or bail arrangements; granted remand for the trial court to consider Appellant's request to supplement the certified record with standby counsel's affidavit regarding criminal records of Commonwealth witnesses; and denied Appellant's motion for funds and/or remand to secure an expert relative to Appellant's competency.

On June 4, 2003, Appellant filed an application for relief entitled "Motion to File an Emergency Amended Pro Se Appeal." Therein, Appellant asserted that standby counsel was acting without his authorization by filing a brief that failed to contain various issues he wished to include. On August 12, 2003, this Court tolled the briefing schedule pending filing of the trial court's opinion. On September 17, 2003, standby counsel, by "Letter in Lieu of Supplemental Brief," indicated Appellant would rely on the brief filed on April 9, 2003. On December 23, 2003, this Court issued a per curiam order denying Appellant's June 4, 2003 application for relief. On June 27, 2005, Appellant filed an application for leave to file post-submission communication. Therein, Appellant raised the same allegations as in his June 4, 2003 motion. Specifically, he alleged that "[i]nstead of presenting [A]ppellant's relevant issues as promised, this 'stand-by counsel' unwanted in the first place, [r]eplaced [Appellant's] original issues with his own frivolous, specious issues and forged [A]ppellant's signature to the brief . . .." Pro Se Application for Relief, 357 Cap., 6/27/2005 at 3. Within his pro se June 4, 2003 and June 27, 2005 motions, Appellant set forth the nine or ten additional issues he wished this Court to address. On November 16, 2005, we issued a per curiam order denying Appellant's application for post-submission communication. This Court affirmed the judgment of sentence on April 21, 2006. *Williams I*, 896 A.2d at 548.

Appellant filed a timely pro se PCRA petition on March 9, 2007. The PCRA court appointed the Federal Community Defender Office for the Eastern District of

Pennsylvania (FCDO) to represent Appellant. Appellant again expressed his intention to proceed pro se, which the PCRA court confirmed in a colloquy on June 5, 2008, with the FCDO remaining as standby counsel. The PCRA court granted Appellant several extensions to file an amended PCRA petition. Appellant filed an amended petition on July 24, 2009. Appellant filed a motion for discovery pursuant to Pennsylvania Rule of Criminal Procedure 902(E)(2) on December 18, 2009. The Commonwealth filed a motion to dismiss on January 7, 2010. Appellant filed an answer to the Commonwealth's motion on March 10, 2010.[4]

In December 2010, the PCRA court granted, in part, Appellant's discovery requests, and continued the hearing on the merits of Appellant's PCRA petition. In May 2011, Appellant renewed a discovery request for the prosecution's notes of witness interviews and preparation sessions. The PCRA court granted the request. The Commonwealth sought reconsideration and an opportunity to be heard on the issue. The PCRA court denied the motion for reconsideration and the Commonwealth appealed to this Court. We held that the PCRA court abused its discretion in granting the discovery request absent support in the record that good cause was shown as required by Pennsylvania Rule of Criminal Procedure 902(E)(2). *See Commonwealth v. Williams*, 86 A.3d 771 (Pa. 2014) (*Williams II*).[5] The PCRA court, in the meantime, conducted a full

---

[4] On that date, In light of Judge Dantos' ascension to the bench, Judge Reibman recused himself, sua sponte. Subsequently, this Court appointed Senior Judge John L. Braxton to preside over the case.

[5] Included in our mandate to the PCRA court in *Williams II* was an instruction to determine "the propriety of the role of the FCDO as standby counsel." *Williams II*, 86 A.3d at 791. This question had been similarly raised by this Court in a number of other cases. *See Commonwealth v. Wright*, 78 A.3d 1070, 1087 (Pa. 2013) (collecting cases). The record does not show that the PCRA court made such a determination, however, as we acknowledged in *Commonwealth v. Sepulveda*, 144 A.3d 1270, 1276-77 (Pa. 2016), the Third Circuit has ruled that the question of the disqualification of the FCDO implicates the regulatory scheme Congress has enacted and is, therefore, preempted. *See In re*

multiday PCRA hearing, commencing December 14, 2010 and concluding on May 2, 2012. After submission of post-hearing briefs, the PCRA court filed an order dismissing Appellant's PCRA petition.

## II. General Principles of Law

"On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." *Commonwealth v. Washington*, 927 A.2d 586, 593 (Pa. 2007) (citations omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." *Commonwealth v. Roney*, 79 A.3d 595, 603 (Pa. 2013), *cert. denied*, *Roney v. Pennsylvania*, ---U.S.---. 135 S. Ct. 56 (2014). To be eligible for relief under the PCRA, a defendant must plead and prove that his conviction and/or sentence resulted from one of the circumstances delineated by the PCRA. *See* 42 Pa.C.S. § 9543(a)(2) (outlining the requirements to be eligible for PCRA relief). Among those requirements are that the issue raised be neither previously litigated nor waived. *Id.* at 9543(a)(3). "An issue is previously litigated if 'the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue. . . .' [42 Pa.C.S.] § 9544(a)(2). An issue is waived 'if the petitioner could have raised it but failed to do so before trial, at trial, . . ., on appeal, or in a prior state postconviction proceeding.' *Id.* § 9544(b)." *Commonwealth v. Keaton*, 45 A.3d 1050, 1060 (Pa. 2012). "Appellant has the burden to persuade this Court that the PCRA court erred and that such error requires relief. [Also, i]t is well settled that this Court may affirm a valid judgment or

*Commonwealth's Motion to Appoint Counsel Against or Directed to Def. Ass'n of Phila.*, 790 F.3d 457, 461 (3d Cir. 2015), *as amended* (June 16, 2015), *cert. denied sub nom. Pennsylvania v. Def. Ass'n of Phila.*, ——U.S.——, 136 S. Ct. 980 (2016), and *cert. denied sub nom. Pennsylvania v. Fed. Cmty. Def. Org. of Philadelphia*, ——U.S.——, 136 S. Ct. 994 (2016). Accordingly, we do not address the issue further here.

order for any reason appearing as of record." *Commonwealth v. Wholaver*, 177 A.3d 136, 144-45 (Pa. 2018) (citations omitted). In this case, Appellant acted pro se during his trial, sentencing and direct appeal. Accordingly, his right to assert claims of ineffectiveness of counsel under Section 9544(a)(2) is circumscribed. "[W]e will not consider any ineffectiveness claims that arise from the period of self-representation." *Commonwealth v. Bryant*, 855 A.2d 726, 737 (Pa. 2004).

### III. **Appellant's Issues**

Appellant raises fourteen issues. The bulk of these allege trial court error or prosecutorial misconduct in the pretrial, trial and sentencing phases of his prosecution. These issues bear a direct relationship with the issues Appellant asserted, in his June 4, 2003 and June 27, 2005 pro se motions, had been improperly omitted from his direct appeal brief by standby counsel. We set forth the issues verbatim.

> I. Is Appellant entitled to a new trial because the prosecutor committed multiple acts of prosecutorial misconduct that, individually and cumulatively, denied him a fair trial and whose conduct amounted to a fraud on the court?
>
> II. Was Appellant denied his constitutional rights to self - representation, to be present, and to present a defense when the trial court with standby counsel conducted a pre-trial hearing without Appellant's knowledge or consent and excluded him from participating?
>
> III. Were Appellant's constitutional rights violated when standby counsel objected to his closing argument and told the jury that Appellant was not being truthful, thereby usurping his right to represent himself and undermining his ability to present a defense?
>
> IV. Was Appellant denied his constitutional rights where the trial court ordered Appellant to wear a stun belt at trial without a hearing and without any threatening or inappropriate behavior by Appellant?
>
> V. Did the trial court violate Appellant's rights to remain silent and presumption of innocence when it commented that

Appellant was testifying in closing argument and failed to testify during trial?

VI. Were Appellant's due process rights violated where the trial court failed to provide a jury instruction on evidence of other crimes committed by Curtis French?

VII. Was Appellant denied his rights to a fair trial and an impartial jury because Lehigh County jury selection procedures systematically excluded minorities?

VIII. Was Appellant denied his constitutional rights to present a defense, to call witnesses on his behalf, to confrontation, and to due process when the trial court prohibited him from presenting evidence of his innocence?

IX. Was Appellant's death sentence arbitrarily imposed where the prosecution improperly admitted victim impact evidence and the jury failed to give any effect to unrebutted statutory mitigating factors presented during the sentencing phase?

X. Did the trial judge err when he conducted himself in a partial manner in this case?

XI. Were Appellant's state and federal rights to self-representation and due process violated where Pennsylvania allow[ed] him to represent himself on appeal but then undermined his right to self-representation when it accepted a brief filed by standby counsel, over his objection, that did not contain the issues Appellant wished to raise on appeal and standby counsel was ineffective for failing to raise those claims?

XII. Were Appellant's rights to a full, fair, and complete PCRA hearing violated?

XIII. Did the PCRA court err by failing to rule on Appellant's motion to amend his post-conviction petition docketed June 19, 2015?

XIV. Is Appellant entitled to relief because of the cumulative effect of the errors in this case?

Appellant's Brief at 1-3.

## IV. Previous Litigation and/or Waiver of Issues

We address first whether Appellant's issues I through X raise claims for which he is eligible for relief under the PCRA. This requires consideration of Appellant's issue XI, which includes his argument against the PCRA court's waiver conclusions. As is evident from Appellant's statement of the issues quoted above, he does not expressly couch them in terms of ineffective assistance of counsel. Rather, he raises direct issues of trial court error or prosecutorial misconduct, which he claims the PCRA court erred in dismissing. As noted above, the PCRA court deemed many of Appellant's PCRA issues either previously litigated or waived. PCRA Ct. Op., 1/31/17, at 3-4, 6, 7. Additionally, the Commonwealth argues all of Appellant's allegations of trial court error and prosecutorial misconduct are ineligible for relief under the PCRA as being either waived or previously litigated. Commonwealth's Brief at 11-20.

Anticipating the issue, Appellant includes a section in his brief entitled "Statement Relating to Waiver and Previous Litigation," which incorporates his issue XI. Appellant's Brief at 5. In this regard, Appellant advances a blended argument that standby direct appeal counsel was ineffective and that he interfered with Appellant's right of self-representation. "In addition to usurping [Appellant's] right to self-representation, [standby counsel] was ineffective for failing to set forth the numerous meritorious issues set forth in this brief." Appellant's Brief at 96. Specifically, Appellant argues that his standby counsel acted without his authorization when counsel filed a brief with this Court that omitted the issues for which Appellant now seeks redress through the PCRA.[6] Appellant

---

[6] Appellant cites *Commonwealth v. Ellis*, 626 A.2d 1137 (Pa. 1993) and *Commonwealth v. Rogers*, 645 A.2d 223 (Pa 1994) in support of his contention that his right to self-representation was violated. While these cases recognize a defendant's right to choose to represent him or herself, they address limitations on hybrid representation by defendants who are represented by counsel on appeal.

> A represented appellant may petition to terminate his representation; he may, acting pursuant to the rules of criminal procedure, proceed on his own behalf. Conversely,

contends the PCRA court's conclusion that Appellant acquiesced to a collaborative relationship with standby counsel, allowing counsel to draft documents, is not borne out by the record. He asserts he communicated with standby counsel only by letter and he had sent standby counsel various drafts of issues to be included in the brief. He asserts standby counsel improperly asserted control over the appeal, editing the issues to be pursued in the appeal, and filing the brief without first securing Appellant's approval or signature. These circumstances, according to Appellant, demonstrate that his right to self-representation was interfered with and, as a consequence, the issues he now pursues cannot be deemed waived or previously litigated. For the various reasons discussed below, we disagree and conclude the PCRA court did not err in dismissing these claims.

The PCRA court determined, "based on the testimony [Appellant] acquiesced to the collaborative role with standby counsel and had counsel write his brief. [Appellant] accepted assistance of counsel, waiving his right to present a pro se brief on appeal, and thus, such claim is rejected." PCRA Ct. Op, 1/31/17, at 8. The Commonwealth equates Appellant's argument to an impermissible assertion of ineffective assistance of counsel by a pro se defendant. Commonwealth Brief at 17 (citing *Commonwealth v. Fletcher*, 986, A.2d 759, 778 (Pa. 2009) (holding, in exercising one's right to self-representation, [a

> he may elect to allow counsel to take his appeal, but, should counsel not prevail, assert counsel's ineffectiveness at a later time and, thus indirectly, assert the claims he would have made on direct appeal. The only thing he may not do is confuse and overburden the court by his own pro se filings of briefs at the same time his counsel is filing briefs on his behalf.

*Ellis*, 626 A.2d at 1141. In *Rogers*, this Court held that a represented defendant does not have the right to terminate counsel's representation after counsel has filed an appellate brief, merely because the defendant wishes to file a substitute pro se brief. *Rogers*, 645 A.2d at 224. It is not contested that Appellant in this case was acting pro se from the commencement of his direct appeal.

defendant] relinquishes many . . . benefits . . ., including the future right to allege ineffectiveness of counsel")). The Commonwealth asserts this conclusion is not diminished simply because standby counsel may have taken an active role. *Id.* at 20, n.3.

To the extent Appellant is asserting ineffective assistance of standby counsel, we note the law is clear that he may not do so.

> When a defendant elects to proceed at trial *pro se,* the defendant—and not standby counsel—is in fact counsel of record and is responsible for trying the case. This understanding of the limited role of standby counsel is essential to satisfy the United States Supreme Court's directive that a defendant's choice to proceed *pro se* "must be honored out of 'that respect for the individual which is the lifeblood of the law'" even when the defendant acts to his or her own detriment. [*Faretta v. California,* 422 U.S. 806, 834 (1975)]. This understanding also underlies our prior holding that a defendant who chooses to represent himself cannot obtain relief by raising a claim of ineffectiveness of counsel or standby counsel.

*Commonwealth v. Spotz*, 47 A.3d 63, 83 (Pa. 2012) (some citations omitted).

On the other hand, to the extent Appellant claims standby counsel interfered with his right of self-representation, he is asserting an issue about the proper scope of the standby counsel's role and the court's role in assuring it does not supplant a defendant's choice of self-representation. The United States Supreme Court recognized a defendant's right to self-representation in *Faretta v. California*, 422 U.S. 806 (1975). Subsequently, the Court, in *McKaskle v. Wiggins*, 465 U.S. 168 (1984), reviewed the effect participation by standby counsel may have on that right. Therein, the Court noted that *Faretta* did not impose an "absolute bar on standby counsel's unsolicited participation." *McKaskle*, 465 U.S. at 176. The Court described two interests served by limitation of standby counsel's independent action. The first concerned a defendant's right to preserve control over the case he or she wishes to present. *Id.* at 178. The

second concerned the perception of the jury regarding a defendant's self-representation. *Id.* In the appeal context, therefore, only the first interest is implicated.

> *Faretta* rights are adequately vindicated in proceedings outside the presence of the jury if the *pro se* defendant is allowed to address the court freely on his own behalf and if disagreements between counsel and the *pro se* defendant are resolved in the defendant's favor whenever the matter is one that would normally be left to the discretion of counsel.

*Id.* at 179.[7]

As mentioned, the PCRA court determined that Appellant acquiesced to standby counsel's collaborative role during his appeal. Contrary to Appellant's assertion, we conclude the record supports this finding. Petitioner concedes that he sent potential issues to counsel to review for inclusion in his Appellate brief. Appellant's Brief at 93.

---

[7] We recognize that the United States Supreme Court has held that the right of self-representation stems from the Sixth Amendment to the United States Constitution, which addresses trial rights, and, as such, there is no Federal Constitutional right to self-representation in connection with the statutory right to appeal.

> [W]e conclude that neither the holding nor the reasoning in *Faretta* requires California to recognize a constitutional right to self-representation on direct appeal from a criminal conviction. Our holding is, of course, narrow. It does not preclude the States from recognizing such a right under their own constitutions.

*Martinez v. California*, 528 U.S. 152, 163 (2000). We have acknowledged *Martinez's* holding, but have not directly addressed whether there exists a right to self-representation on direct appeal under the Pennsylvania Constitution. *See Commonwealth v. Davido*, 868 A.2d 431, 444 (Pa. 2005) (acknowledging *Martinez* and holding the right to self-representation includes the penalty phase in a capital case); *Commonwealth v. Staton*, 12 A.3d 277, 282 (Pa. 2010) (acknowledging *Martinez*, but resolving the issue on other grounds while assuming, without determining, such a right exists). In the instant case, neither the parties nor the PCRA court have addressed the issue of a state constitutional right to self-representation on appeal. However, the record of Appellant's direct appeal evidences his pro se status was recognized. Therefore, as in *Staton*, we will assume for argument's sake that Appellant's right to self-representation extended to his direct appeal in this case and resolve the issue on other grounds.

The record of Appellant's direct appeal with this Court demonstrates that Appellant deferred to standby counsel to file numerous remand requests and motions for extension to file a brief. Thus, the record supports the PCRA court's conclusion that Appellant approved of standby counsel's collaborative assistance in drafting and submitting filings with this Court during his direct appeal. The fact that Appellant objected to the failure to include various issues in the appellate brief subsequently submitted, does not mean that standby counsel usurped or unduly interfered with Appellant's right of self-representation. *McKaskle*, 465 U.S. at 187. Appellant's complaint is not with the fact standby counsel drafted the appellate brief, but with the manner in which he drafted the brief. This implicates the issue of counsel's effectiveness, which, as noted above, is not an issue Appellant can pursue in his PCRA petition. *Spotz*, 47 A.3d at 83. It also runs afoul of the general prohibition against hybrid representation. *Ellis*, 626 A.2d at 1141.

Furthermore, and more significantly, Appellant raised these identical arguments with this Court during his direct appeal. In two motions following the filing of his appellate brief, Appellant alleged standby counsel acted without authority in excluding the subject issues from his appellate brief, thus interfering with his right of self-representation. Appellant sought leave to file a new pro se Appellate brief or amended brief, adding the omitted issues. Significantly, Appellant did not at the time disavow the eighteen issues contained in the original brief. As recited above, this Court denied both motions and affirmed Appellant's judgment of sentence.[8] Appellant appealed that decision, but the

---

[8] Justice Wecht, in his Concurring Opinion, suggests we mistakenly characterize Silverman's status as continuing to be that of standby counsel after this Court denied Appellant's motions for special relief during his direct appeal. Justice Wecht maintains that our denial of those motions "necessarily presumed Williams' acquiescence to Silverman's full representation." Conc. Op. at 5. However, the orders denying Appellant's applications contain no explanation for the rulings, and furthermore, our docket for the

United States Supreme Court denied certiorari. Accordingly, the argument Appellant advances has already been adjudicated. Appellant may not resurrect the issue in the guise of a PCRA petition. 42 Pa.C.S. § 9543(a)(3).[9] Accordingly, we discern no error or abuse of discretion by the PCRA court in dismissing Appellant's PCRA issues as previously litigated or waived.[10]

## V. Allegations of PCRA Court Error

In his issue XII, Appellant claims the Commonwealth interfered with his right to a full and fair PCRA proceeding by intimidating and interfering with two of his witnesses. Appellant avers that the Commonwealth caused Waldemar Cortez to withdraw a previous statement he had made against then ADA Dantos, and that Dantos conspired with Louis

---

direct appeal continues to reflect Appellant's representation status as pro se with Silverman as standby counsel. *See* 357 CAP (docket).

[9] Appellant does not articulate an alternative basis for consideration of his allegations of prosecutorial misconduct based on after discovered evidence, or through discovery during the PCRA proceedings.

> [T]o prevail on an after-discovered evidence claim for relief under subsection 9543(a)(2)(vi), a petitioner must prove that (1) the exculpatory evidence has been discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

*Commonwealth v. Burton*, 158 A.3d 618, 629 (Pa. 2017). Absent a developed argument demonstrating compliance with that burden, we deem such issue waived. *Commonwealth v. D'Amato*, 856 A.2d 806, 814, (Pa. 2004).

[10] Appellant's issues I through X correspond, as he asserts, with the issues he tried to raise through his June 4, 2003 and June 27, 2005 motions. The Commonwealth points out, however, that as argued, Appellant's issues also overlap with issues he properly raised and litigated on appeal. *See* Commonwealth Brief at 16, PCRA Ct. Op., 1/31/17, at 3-4. It is the extent such issues overlap that we deem previously litigated. The issues representative of the issues delineated by Appellant in his June 4, 2003 and June 27, 2005 motions are waived. *See* Pa.C.S. §9544.

Washington to the effect that Washington refused to answer questions about correspondence he had maintained with Dantos. Appellant's Brief at 98-100. The Commonwealth responds that Appellant is merely dissatisfied with the information provided by his own witnesses during the PCRA hearings, which were conducted over numerous days of testimony spanning more than sixteen months. The Commonwealth asserts Appellant's characterization of a "grand conspiracy" is the result of pure speculation unsupported by the record. Commonwealth's Brief at 99-100. We agree. Appellant merely references the testimony of the witnesses which demonstrates their reluctance to testify and their fear of consequences if they testified falsely. We find no basis in the record to disturb the PCRA court's finding that Appellant's claim that his due process rights were violated is meritless. *See* PCRA Ct. Op, 1/31/17, at 8.

Relatedly, Appellant claims in his issue XIII, that the PCRA court erred in failing to rule on his June 19, 2015 motion to amend his PCRA petition to conform to evidence adduced at the PCRA hearing. Appellant identifies two items he wished to include in the amendment. The first consisted of averments relative to the purported interference of the Commonwealth with his PCRA witnesses as discussed above. The second was an allegation that the trial court interfered with his right to remain silent (Appellant's issue V, *supra*). Appellant notes that the PCRA court addressed the issue in its PCRA opinion, finding the trial court's comment admonishing Appellant not to testify during his closing argument to the jury was proper and did not infringe on Appellant's right to remain silent. *See* PCRA Ct. Op., 1/31/17, at 9. We discern no error. Relative to the first proposed amendment, we note the averments do not constitute a PCRA claim. Appellant's concerns about the Commonwealth's actions during the PCRA proceedings needed to be raised before the PCRA court by objection, motion or argument, but do not constitute an additional PCRA claim requiring amendment of the PCRA petition. See 42 Pa.C.S. §

9543(a). Relative to the second proposed amendment, we note the PCRA court addressed the issue, implying it accepted the amended claim. Furthermore, the claim is not derived from evidence adduced during the PCRA hearing to which it can conform. Nevertheless, for the reasons outlined above, we conclude the issue had been waived. Appellant did not raise the issue before the trial court and presents no reason for failing to do so. Accordingly, Appellant is due no relief based on the PCRA court failing to expressly grant his motion to amend.

Finally, Appellant avers he is entitled to relief based on the cumulative effect of the errors alleged. "A bald averment of cumulative prejudice does not constitute a claim." *Spotz*, 47 A.3d 63 at 129 (quoting *Commonwealth v. Hutchinson,* 611 Pa. 280, 25 A.3d 277, 319 (2011)). "[N]o number of claims that have been denied because of lack of merit can collectively warrant relief." *Commonwealth v. Bardo*, 105 A.3d 678, 717 (Pa. 2014). Because Appellant has not presented a meritorious issue eligible for relief under the PCRA, it follows that no relief is due under a claim of cumulative prejudice.

## VI. Conclusion

Based upon the foregoing, we affirm the order of the PCRA court dismissing Appellant's PCRA petition.[11]

Chief Justice Saylor and Justices Baer and Donohue join the opinion.

Justice Wecht files a concurring opinion in which Justice Todd joins.

Justice Dougherty concurs in the result.

---

[11] In accordance with 42 Pa.C.S. § 9711(i), the Prothonotary of the Supreme Court is directed to transmit the complete record of this case to the Governor.