J-S01038-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| HARRY MICHAEL SZEKERES | : | |
| | : | |
| Appellant | : | No. 306 MDA 2018 |

Appeal from the PCRA Order January 22, 2018
in the Court of Common Pleas of Dauphin County
Criminal Division at No.:  CP-22-CR-0002247-2012

BEFORE:   PANELLA, P.J., MURRAY, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:        **FILED: JANUARY 29, 2019**

Harry Michael Szekeres (Szekeres) appeals from the order of the Court of Common Pleas of Dauphin County (PCRA court) denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa. C.S. §§ 9541-9546, alleging ineffective assistance of trial counsel for failing to call character witnesses.  For the following reasons, we affirm.

We take the relevant factual and procedural background from the PCRA court's opinion and our independent review of the certified record.  On August 20, 2014, a jury convicted Szekeres of thirty-three counts involving the sexual

_____
*   Retired Senior Judge assigned to the Superior Court.

abuse of his daughter.[1]  As described by a previous panel of this Court in

Szekeres's direct appeal:

> At trial, the jury heard testimony from the victim that Szekeres had sexually abused her from age seven to age 19.  The victim testified that she had delayed reporting the abuse until she realized that she had nieces that were old enough for her father to victimize.  The jury also heard a recorded phone conversation between the victim and Szekeres in which he admitted to making "a mistake touching my daughter." The jury found Szekeres guilty on all 33 charges.

(*Commonwealth v. Szekeres*, 2015 WL 8805779, at *1 (Pa. Super. filed

Dec. 15, 2015) (unpublished memorandum), *appeal denied*, 145 A.3d 165

(Pa. 2016)).

The trial court found Szekeres to be a sexually violent predator and

sentenced him to an aggregate term of not less than sixteen nor more than

thirty-two years' imprisonment.  The Superior Court affirmed the judgment of

sentence, and our Supreme Court denied further review.  (*See id.*).

On July 20, 2017, with the assistance of counsel, Szekeres filed his first

PCRA petition arguing that trial counsel was ineffective for failing to call

---

[1] He was charged with six counts of Involuntary Deviate Sexual Intercourse (IDSI) (victim less than 16), and two counts of IDSI (forcible compulsion) 18 Pa. C.S. § 3125; twelve counts of Incest, 18 Pa. C.S. § 4302; six counts of Aggravated Indecent Assault, 18 Pa. C.S. § 3125; two counts of Indecent Assault, 18 Pa. C.S. § 3126; one count of Rape (forcible compulsion), 18 Pa. C.S. § 3121; one count of Statutory Sexual Assault, 18 Pa. C.S. § 3122.1; and four counts of Sexual Assault, 18 Pa. C.S. § 3124.1.

character witnesses on his behalf. After a hearing, the PCRA court denied the Petition because:

> . . . [Szekeres] did not present any potential character witnesses at the PCRA hearing. . . . [Therefore, he] has failed to meet his burden of demonstrating that these witnesses . . . were available to testify at [his] trial. [Szekeres] would have us believe that the people that submitted letters on his behalf prior to sentencing would have also been willing and available to testify at trial. However, [he] offered no objective proof to sustain this allegation as [Szekeres] called **no witnesses at the PCRA hearing.**

(PCRA Court Opinion, 1/22/18, at 3) (citations and footnotes omitted; emphasis in original). This appeal followed.[2]

_____

[2] "On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." ***Commonwealth v. Williams***, 196 A.3d 1021, 1026 (Pa. 2018) (citation omitted).

> [C]ounsel is presumed to be effective, and the petitioner bears the burden of proving to the contrary. To prevail, the petitioner must plead and prove, by a preponderance of the evidence, the following three elements: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction. . . . Our review of counsel's performance must be highly deferential. To establish the third element (prejudice), the petitioner must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. . . [I]f a claim fails under any necessary element of the ineffectiveness test, the court may proceed to that element first. . . .

***Commonwealth v. Brown***, 196 A.3d 130, 150-51 (Pa. 2018) (citations and quotation marks omitted).

On appeal, Szekeres again contends that trial counsel was ineffective in failing "to present good character reputation testimony," resulting in his inability to request a jury instruction that good character testimony can raise a reasonable doubt as to guilt. (Szekeres's Brief, at 24).

> When raising a claim of ineffectiveness for the failure to call a potential witness, a petitioner [must establish] that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial. To demonstrate . . . prejudice, a petitioner must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case. Thus, counsel will not be found ineffective for failing to call a witness unless the petitioner can show that the witness's testimony would have been helpful to the defense. A failure to call a witness is not *per se* ineffective assistance of counsel for such decision usually involves matters of trial strategy.

***Commonwealth v. Sneed***, 45 A.3d 1096, 1108-09 (Pa. 2012) (citations and quotation marks omitted).

Our review of the record supports the PCRA court's finding that Szerekes failed to establish that character witnesses were available for trial and, in any event failed to establish that he was prejudiced by the failure to call such witnesses even if they were available.

At the evidentiary hearing, Szekeres merely speculated that the individuals who provided letters on his behalf for sentencing "[a]bsolutely" would have testified, under oath, and subject to cross-examination, at his trial. (N.T. Hearing, 1/17/18, at 16). In spite of being given the opportunity

to prove his claim, Szekeres failed to provide any testimony or other evidence that these proposed trial witnesses were available and willing to testify on his behalf. ***See Sneed***, ***supra*** at 1109. Because he failed to do so, Szekeres failed to meet his burden to prove that his underlying claim, that counsel was ineffective for failing to call character witnesses on his behalf, merits relief. ***See Brown***, ***supra*** at 150-51.

Szekeres also failed to prove that he was prejudiced by the lack of this character evidence. In his direct appeal, Szekeres argued that the victim's failure to report the abuse for ten years rendered her testimony insufficient. (***See Szekeres***, ***supra*** at *1). In rejecting this claim, we observed:

> . . . Even if we were to accept this argument, which we explicitly do not, Szekeres cannot overcome the inculpatory statements present in the recorded phone conversation with the victim.
>
> During the conversation, the victim repeatedly asked Szekeres why he had sexually abused her. **Several times, Szekeres implicitly admitted that he had**. (***See*** Commonwealth's Exhibit 2, at 7:20, 7:50, 8:45). He further admitted that he knew that what he had done was wrong. (***See id.*** at 10:40). The victim repeatedly asked Szekeres for reassurances that her child would be safe in [his] presence. Szekeres responded:
>
>> Hey it would never happen but . . . I don't know how I can reassure you other than that I would . . . I want to be a part of the grandchildren's lives . . . . I mean I would never touch your children. I've never touched any children you were not, **I made a mistake touching my daughter**. And it seemed like it was okay for some reason in my mind and I, **I continued it for, for a few years, several years**. I don't know why, I don't know why it happened I wouldn't I would never touch anybody in any[]way other than the **huge mistake I made when you were young** . . . [D]o you know how many times I thought of taking my own life I, I could, but, but being the

- 5 -

> coward I am I can't do it. I can't do it. I, I thought of now being here how many ways could I, could I steal life from myself, which I, which I deserve to, to let the rest of the family live and go on. And I just can't make myself do it.
>      (*Id.* at 11:40–13:15). These inculpatory statements are certainly sufficient to overcome any issues with the victim's credibility. . . .

(*Id.* at **1-2) (some record citation formatting provided; emphases added).

Even if Szekeres had provided objective evidence of the proposed character witnesses' willingness to testify at trial, he would still not be entitled to PCRA relief because he failed to establish that "there is a reasonable probability that the outcome of the proceedings would have been different" if they had testified, because of his own inculpatory statements. *See Brown*, *supra* at 150-51.[3] Because the record supports the PCRA court's denial of Szekeres's PCRA petition, its order is affirmed.

Order affirmed.

---

[3] Szekeres's reliance on *Commonwealth v. Weiss*, 606 A.2d 439 (Pa. 1992), and *Commonwealth v. Glover*, 619 A.2d 1357 (Pa. Super. 1993), is misplaced. In both of those cases, proposed character witnesses testified at the PCRA hearings that they had been available to testify at the defendants' trials, and that they would have provided good character testimony. *See Weiss*, *supra* at 442, *Glover*, *supra* at 1358. However, here, Szekeres failed to provide the testimony of any proposed character witnesses at the PCRA hearing to support his claim.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 01/29/2019