J-S14040-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                                :            PENNSYLVANIA
                                                                   :

                            v.                               :
                                                                    :

NUTTA VERDIER                               :
                                                                    :

                      Appellant           :       No. 1440 EDA 2018

Appeal from the PCRA Order April 19, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008626-2010

BEFORE:   LAZARUS, J., NICHOLS, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:           **FILED APRIL 1, 2019**

Nutta Verdier (Verdier) appeals from the order entered by the Court of Common Pleas of Philadelphia County (PCRA court) dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

We take the following relevant facts and procedural history from the PCRA court's April 19, 2018 opinion and our independent review of the record. On October 12, 2012, a jury convicted Verdier of Third-Degree Murder, Attempted Murder, Conspiracy, Aggravated Assault, Firearms Not to be Carried Without a License, and Possession of an Instrument of a Crime.[1] Verdier's conviction stems from his role in a shoot-out involving three co-conspirators on a Philadelphia street, during which a bystander was shot and

---

[1] 18 Pa.C.S. §§ 2502(c), 901(a), 903, 2702(a), 6106, and 907, respectively.

---

\*   Retired Senior Judge assigned to the Superior Court.

killed and another injured. The trial court sentenced Verdier to an aggregate term of not less than nineteen and one-half nor more than sixty years of imprisonment. Following reinstatement of his direct appeal rights *nunc pro tunc*,[2] we affirmed the judgment of sentence on September 11, 2017. Verdier did not seek further review in our Supreme Court.

Verdier, acting *pro se*, filed the instant, timely PCRA petition on November 8, 2017, and appointed counsel subsequently filed an amended petition. Verdier claimed a right to relief based on after-discovered evidence in the form of affidavits prepared by his co-conspirator turned Commonwealth witness Jacque Warren and his brother, Sharif Warren. At trial, Jacque Warren testified that Verdier, along with his co-conspirators, shot at a rival and the bystander was killed in the crossfire. However, in his affidavit, dated May 27, 2015, Jacque Warren recants this testimony and avers that Verdier was not present when the shooting took place. (**See** J. Warren Affidavit, 5/27/15). Sharif Warren's statement similarly avers that when he visited his brother in prison in 2011, Jacque conceded that Verdier was innocent and was not present at the scene of the shooting. (**See** S. Warren Statement, 8/05/13). Sharif's statement is dated August 5, 2013.

---

[2] Verdier's initial direct appeal in 2013 was dismissed when his counsel failed to file a brief in the matter.

After issuing notice of its intent to do so[3], the PCRA court entered an order and opinion dismissing Verdier's petition.[4] He then filed this appeal arguing that the PCRA court erred in denying relief on his claim of after-discovered evidence based on Jacque Warren's recantation statements and that the PCRA Court improperly denied his PCRA counsel's request for a continuance.[5]

_____

[3] **See** Pa.R.Crim.P. 907(1).

[4] In denying the PCRA Petition the trial court stated:

> In light of the evidence as a whole, it is clear that Warren's recantation is unreliable. At trial, Cobb unequivocally testified that the Petitioner stepped out from the minivan and immediately started shooting at him, and that he returned fire. N.T. 10/9/2012 at 21—22. In an interview with police, Cobb identified the Petitioner, Cooper, and Warren as participants, which was corroborated by Warren's own statement to police and his testimony. Warren's recantation is further contradicted by the ballistics evidence recovered from the crime scene, which indicated that the perpetrators used three different firearms to shoot at Cobb and strike the decedent. N.T. 10/3/2012 at 237—252. Although Warren attempts to claim that he and his brother acted alone, his contention is belied by the Philadelphia Police Department's recovery of the getaway vehicle—which was registered to Cooper's grandmother Joyce Chavis—across a shared driveway from Cooper's home at 5410 Belmar Terrace. Because every element of Warren's account is directly contradicted by the physical evidence and eyewitness accounts, his recantation is incredible.

> **Trial Court Opinion pp. 12-13.**

[5] "On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." **Commonwealth v. Williams**, 196 A.3d 1021, 1027

We begin by addressing Verdier's claim that the PCRA court erred in denying relief on his claim of after-discovered evidence based on Jacque Warren's recantation statements. The PCRA makes clear that that to be eligible for relief, a petitioner must plead and prove that "the allegation of error has not been previously litigated or waived." 42 Pa.C.S. § 9543(a)(3). "[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b). With respect to after-discovered evidence, Pennsylvania Rule of Criminal Procedure 720 provides: "A post-sentence motion for a new trial on the ground of after-discovered evidence must be filed in writing promptly after such discovery." Pa.R.Crim.P. 720(C). Accordingly, "after-discovered evidence discovered during the direct appeal process must be raised promptly during the direct appeal process, and should include a request for a remand to the trial judge[.]" *Id.*, Comment.

Here, the affidavits from Jacque Warren and Sharif Warren, which form the basis for Verdier's after-discovered evidence claim, are dated May 27, 2015, and August 5, 2013, respectively. During that timeframe, Verdier had been convicted and sentenced and was pursuing a direct appeal. Because he failed to raise the claim of after-discovered evidence on direct appeal as

(Pa. 2018) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." *Id.* (citation omitted).

required under Rule 720(C), Verdier has waived it on collateral review. **See** Pa.R.Crim.P. 720(C); **Commonwealth v. Ford**, 809 A.2d 325, 329 (Pa. 2002), *cert denied*, 540 U.S. 1150 (2004) (claims that could have been raised on direct appeal but were not are waived under PCRA and cannot offer basis for relief). He is, therefore, not eligible for relief on this basis. **See** 42 Pa.C.S. § 9543(a)(3).[6]

Verdier also challenges the PCRA court's denial of his counsel's request for a continuance, which he claims was necessary to review trial counsel's file to investigate a potential ineffectiveness claim. (**See** Verdier's Brief, at 21-24).

Appellate review of a PCRA court's continuance decision is deferential. **See Commonwealth v. Brooks**, 104 A.3d 466, 469 (Pa. 2014). "The decision to grant a continuance is within the sound discretion of the trial court,

---

[6] Though not raised in this appeal, Verdier argued before the trial court that his appellate counsel was ineffective for failing to raise the issue of Warren's recantation on direct appeal. The trial court found that:

> Petitioner presents no evidence to support his argument that appellate counsel was aware or should have been aware of Warren's recantation at the time of direct appeal. Based on the Petitioner's own averments, it appears that even he was unaware of Warren's alleged recantation until May 27, 2015, when he obtained Warren's signed affidavit. The Petitioner further fails to present any evidence that he informed appellate counsel of Warren's recantation and requested that he raise the issue on appeal. The instant claim has no merit.

Trial Court's Opinion p. 14.

and we will reverse only if the court has abused its discretion." ***Commonwealth v. Paddy***, 15 A.3d 431, 470 (Pa. 2011) (citation omitted). "[A]n abuse of discretion is not merely an error of judgment. Rather, discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record. . . ." ***Brooks***, ***supra*** at 469 (citation omitted).

Here, the record reflects that the PCRA court had already granted counsel for Verdier a continuance of over a month when counsel made another request for a continuance. The court denied the request because "counsel has failed to show why a continuance was necessary, or that he took reasonable efforts to secure the information that he alleges is required." (PCRA Court Opinion, 4/19/18, at 16). After review of the record, we discern no abuse of discretion in the PCRA court's denial of Verdier's request for a second continuance. ***See Paddy***, ***supra*** at 470.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/1/19