J-S40045-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEITH A. MARTIN | : | |
| | : | |
| Appellant | : | No. 1135 MDA 2024 |

Appeal from the Judgment of Sentence Entered June 13, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002807-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEITH MARTIN | : | |
| | : | |
| Appellant | : | No. 1136 MDA 2024 |

Appeal from the Judgment of Sentence Entered June 13, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0000199-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEITH ALBRON MARTIN JR. | : | |
| | : | |
| Appellant | : | No. 1137 MDA 2024 |

Appeal from the Judgment of Sentence Entered June 13, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0004032-2022

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: APRIL 9, 2026**

In these consolidated appeals, Keith Albron Martin, Jr. (Appellant), appeals, *pro se*, from the judgments of sentence imposed following his jury convictions, in three separate Dauphin County cases, of three counts each of possession with intent to deliver a controlled substance (PWID) and possession of drug paraphernalia; and one count each of possession of a controlled substance, tampering with evidence, and obstruction of justice.[1] We remand for issuance of a Pa.R.A.P. 1925(b) order in compliance with Pa.R.Crim.P. 114(C) (governing docket entries for court orders/notices).

Based on our disposition, we need not detail the facts underlying the three cases. Following Appellant's respective arrests in the three cases, the Commonwealth charged him with the aforementioned offenses.

On February 23, 2023, in Case 199, Appellant filed an omnibus pretrial motion through his Public Defender counsel, Zachary Fleming, Esquire (Attorney Fleming), seeking to suppress physical evidence. On March 14, 2023, the trial court denied Appellant's suppression motion. On December

---

[1] **See** 35 P.S. §§ 780-113(a)(16), (30), (32); 18 Pa.C.S.A. §§ 4910(1), 5101. The charges arose out of three separate cases (collectively "the three cases"): CP-22-CR-199-2021 (Case 199), CP-22-CR-2807-2022 (Case 2807), and CP-22-CR-4032-2022 (Case 4032).

13, 2023, the matter proceeded to a jury trial in Case 199.[2] The jury ultimately convicted Appellant of one count each of PWID, possession of a controlled substance, and possession of drug paraphernalia.

In Case 2807, Appellant's jury trial occurred on December 14, 2023. The jury convicted Appellant of one count each of PWID, possession of drug paraphernalia, and tampering with evidence.

Regarding Case 4032, following a jury trial on May 21, 2024, Appellant was convicted of one count each of PWID, possession of drug paraphernalia, and obstruction of justice.

_____

[2] Prior to his respective jury trials, Appellant indicated his desire to proceed *pro se* in each of the three cases. The trial court granted Appellant's request as being knowing, intelligent and voluntary, after conducting a hearing on November 9, 2023. *See Commonwealth v. Grazier*, 713 A.2d 81, 82 (Pa. 1998) (requiring an on-the-record determination that a defendant's waiver of their right to counsel is made knowingly, intelligently, and voluntarily).

In each of the three cases, the trial court appointed Attorney Fleming as Appellant's standby counsel. *See* Pa.R.Crim.P. 121(D) (governing the appointment of standby counsel). Regarding the limited role of standby counsel, our Supreme Court has explained that

> [w]hen a defendant elects to proceed … *pro se*, the defendant— and not standby counsel—is in fact counsel of record and is responsible for trying the case. This understanding of the limited role of standby counsel is essential to … [ensure] that a defendant's choice to proceed *pro se* must be honored out of that respect for the individual which is the lifeblood of the law[,] even when the defendant acts to his or her own detriment.

*Commonwealth v. Williams*, 196 A.3d 1021, 1029 (Pa. 2018) (citations and internal quotation marks omitted).

Sentencing for the three cases occurred in a consolidated proceeding on June 13, 2024. The trial court imposed a total aggregate sentence of 30 to 120 months' incarceration in the three cases.

On the same date as sentencing, in each of the three cases, Appellant filed substantially similar Post-Sentence Motions for Judgment of Acquittal and New Trial. Appellant urged the trial court to set aside the verdicts and grant him a new trial, where, *inter alia*, the verdicts were against the weight and sufficiency of the evidence. Post-Sentence Motions for Judgment of Acquittal and New Trial, 6/13/24, ¶¶ 1, 9-11. On June 21, 2024, the trial court denied the post-sentence motions.

On July 15, 2024, in each of the three cases, Appellant filed a "Motion to Withdraw Standby Counsel," asserting Attorney Fleming's ineffectiveness and seeking the appointment of new standby counsel. ***See generally*** Motion to Withdraw Standby Counsel, 7/15/24. The trial court denied Appellant's motions on July 22, 2024.

On August 8, 2024, Appellant filed separate *pro se* notices of appeal at each of the three cases. The trial court did not initially order Appellant to file concise statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

On August 20, 2024, the trial court issued substantially identical statements in lieu of Rule 1925(a) opinions in each of the three cases, recommending that this Court quash the appeals as untimely filed. The trial

- 4 -

court pointed out that Appellant filed his respective notices of appeal in excess of 30 days after entry of the June 21, 2024, order denying his post-sentence motions. *See generally* Statement in Lieu of Opinion, 8/20/24; *see also* Pa.R.A.P. 903(a) (requiring appellants to file a notice of appeal within 30 days after the entry of the order from which the appeal is taken).

On December 9, 2024, this Court entered an order directing the trial court to conduct a *Grazier* hearing and make "an on-the-record determination as to whether Appellant wants to proceed *pro se*, *pro se* with standby counsel, or with court-appointed counsel for purposes of appeal." Order, 12/9/24. The trial court conducted a *Grazier* hearing on January 17, 2025. Four days later, the court entered an order stating that it was "satisfied that [Appellant's] decision to proceed *pro se* with standby counsel is knowing, intelligent, and voluntary." Order, 1/21/25, at 1 (unpaginated). The court appointed Assistant Public Defender Spencer Bradley, Esquire (Attorney Bradley), "to serve as standby counsel for [Appellant] on the [] appeals."[3] *Id.*

Appellant filed his *pro se* appellate brief in this Court on September 17, 2025. On December 17, 2025, we remanded for the trial court to file Pa.R.A.P. 1925(a) opinions, and retained jurisdiction. *See Commonwealth v. Martin*, 1135-1137 MDA 2024 (Pa. Super. 2025) (unpublished memorandum filed

---

[3] In May and August 2025, in each of the three cases, Appellant filed substantially similar, *pro se* Pa.R.A.P. 1925(b) concise statements of errors complained of on appeal. The trial court's docket states that the concise statements were "served to" Attorney Bradley.

Dec. 17, 2025). We disagreed with the trial court's determination that the appeals were untimely filed, noting that Appellant's *pro se* notices of appeal bore a time-stamp from the clerk of courts dated July 12, 2024, *i.e.*, within 30 days of imposition of Appellant's judgments of sentence (although the notices were not entered upon the docket until August 8, 2024). ***Id.*** (unpublished memorandum at 6, 7). We observed that pursuant to Pa.R.A.P. 905, "[u]pon receipt of the notice of appeal, the clerk shall immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken, which date shall be shown on the docket." ***Id.*** (unpublished memorandum at 7) (quoting Pa.R.A.P. 905(a)(3)). Accordingly, we held Appellant's appeals were timely and that "pursuant to Rule 905(a)(3), the clerk of courts should have docketed Appellant's notices of appeal on July 12, 2024, to preserve the filing date for his appeals." ***Id.***

On remand, on January 23, 2026, the trial court entered an order (1925(b) Order) at all dockets directing Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors within 21 days of the 1925(b) Order. Significantly, although the 1925(b) Order states that a copy was distributed to Appellant, ***see*** 1925(b) Order, 1/23/26, at 3 (unpaginated), **the trial court's docket does not indicate that Appellant was served with the 1925(b) Order**.[4] Appellant did not respond to the 1925(b) Order.

---

[4] Rather, the trial court's docket states that the 1925(b) Order was served upon Attorney Bradley, Appellant's **standby** counsel.

On March 12, 2026, the trial court filed a brief Statement in Lieu of Pa.R.A.P. 1925 Memorandum Opinion. The trial court stated that "Appellant has not complied with this court's 1925(b) Order, nor has Appellant applied for an extension of time in which to file a statement of matters complained of on appeal." Statement in Lieu of Pa.R.A.P. 1925 Memorandum Opinion, 3/12/26, at 1 (unpaginated) (some capitalization modified). On this basis, the trial court recommended that we find Appellant's issues on appeal to be waived. *Id.* (citing *Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011) (stating that "Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived"), and *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (same)); *see also Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a 1925(b) statement will be deemed waived.").

Ordinarily, the failure to file a court-ordered Rule 1925(b) concise statement results in the waiver of all issues on appeal. *See Hill*, *supra*; *Lord*, *supra*. However, pursuant to Pa.R.Crim.P. 114(B)(1), the clerk of courts must promptly serve a copy of any trial court order "on each party's attorney, **or the party if unrepresented**." Pa.R.Crim.P. 114(B)(1) (emphasis added); *see also* Pa.R.Crim.P. 114(C)(2)(c) (providing that criminal docket entries shall contain, *inter alia*, "the date of service of the order or court notice."). Our Supreme Court has stated that the clerk's obligations under Rule 114 are

mandatory. *See Commonwealth v. Hess*, 810 A.2d 1249, 1253 (Pa. 2002); *see also id.* at 1254 (holding that an untimely-filed Rule 1925(b) statement did not result in waiver, where the trial court docket did not indicate the date and manner of service of the court's Rule 1925(b) order, in violation of Rule 114).

This Court, in *Commonwealth v. Davis*, 867 A.2d 585 (Pa. Super. 2005) (*en banc*), stated that

> [t]he requirement that defendants be given notice of the need to file a Rule 1925(b) statement is not a mere technicality. If we are to find that defendants waived their constitutional rights, we must be sure that the clerk of the court did his or her job to advise the defendants that it was necessary to act.
>
> We have been strict in holding appellants to the dictates of … *Lord* … and its progeny. If we are going to do that, we should also be strict in requiring the trial court and clerk of courts to comply with the rules regarding notice of Rule 1925(b) orders. In the present case, it is clear the clerk did not comply with the mandatory requirements of Pa.R.Crim.P. 114. Under these circumstances, it would be improper to find [the appellant's] issues waived.

*Id.* at 588.

Instantly, based on the clerk's non-compliance with Rule 114's mandatory requirements, we disagree with the trial court that Appellant waived his issues on appeal for not responding to the Rule 1925(b) Order. *See id.*; *Hess*, 810 A.2d at 1254; *see also Commonwealth v. Buterbaugh*, 343 A.3d 193, 1554 MDA 2024 (Pa. Super. 2025) (unpublished memorandum

at 3 n.3)[5] (disagreeing with the trial court's suggestion that the appellant had waived all issues for failing to comply with a 1925(b) order, where "the certified record reveals that the docket noted service of the court's Rule 1925(b) order to the Commonwealth and appellant's standby counsel, but not to appellant, who was proceeding *pro se* at that point." (capitalization modified)). Though the trial court docket noted Attorney Bradley was served with the Rule 1925(b) Order, he was not counsel of record. **See Williams**, 196 A.3d at 1029 (standby counsel is not counsel of record where the defendant elects to proceed *pro se*); **see also Commonwealth v. Spotz**, 47 A.3d 63, 83 (Pa. 2012) (stating that "the appointment of standby counsel does **not** imply or authorize some sort of hybrid representation." (emphasis in original)).

Based upon the foregoing, we are constrained to again remand to the trial court for the issuance of a new Rule 1925(b) order in accordance with Pa.R.Crim.P. 114.[6]   **See Commonwealth v. Stallworth**, 315 A.3d 58, 597

---

[5] Pursuant to Pa.R.A.P. 126(b), this Court's unpublished memorandum decisions filed after May 1, 2019 may be cited for their persuasive value.

[6] Even if we were capable of reviewing the merits of Appellant's issues on appeal, our review would be hampered by the absence of a Rule 1925(a) trial court opinion addressing the substance of Appellant's issues. On appeal, Appellant raises, *inter alia*, a challenge to the denial of his June 13, 2024, post-sentence motion alleging that his convictions were against the weight of the evidence. **See** Appellant's Brief at 3-4 (unpaginated). However, the trial court, in connection with its brief order denying Appellant's motion, did not file an accompanying memorandum or otherwise set forth any reasoning for
*(Footnote Continued Next Page)*

WDA 2023 (Pa. Super. 2024) (unpublished judgment order at 4) (remanding case with instructions for the trial court to issue a new Rule 1925(b) order, where the order initially issued by the trial court failed to comply with Rule 114). On remand, the trial court is directed to enter a new Rule 1925(b) order within thirty days of the date of this memorandum. The clerk of courts shall serve Appellant with a copy of the order and note the date and manner of service on the docket in accordance with Pa.R.Crim.P. 114(C). If Appellant files a concise statement, the trial court shall prepare and file a Pa.R.A.P. 1925(a) opinion addressing the errors raised in the concise statement.

Case remanded with instructions. Jurisdiction retained.

---

its ruling. Order, 6/21/24. Without any substantive reasoning from the trial court with respect to Appellant's weight claim, we are precluded from reviewing the trial court's exercise of discretion in ruling on this claim. *See **Armbruster v. Horowitz***, 813 A.2d 698, 703 (Pa. 2002) (stating that an appellate court may not generally consider a weight claim "in the first instance," and that "while there may be some legitimacy for a trial court, who … has also observed the witnesses as they testified, to consider the weight of the evidence, there is surely no justification for an appellate court, relying upon a cold record, to exercise such a function." (citation omitted)); *see also **Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013) ("Appellate review of a weight claim *is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.*" (emphasis in original; citation omitted)).