J-S01032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| THOMAS EARL BECKER | : | |
| | : | |
| Appellant | : | No. 1051 MDA 2018 |

Appeal from the PCRA Order Entered April 30, 2018
In the Court of Common Pleas of Lancaster County
Criminal Division at No.:  CP-36-CR-0002306-2012

BEFORE:   PANELLA, P.J., MURRAY, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:         **FILED: JANUARY 29, 2019**

Thomas Earl Becker (Becker) appeals from an order of the Court of Common Pleas of Lancaster County (PCRA court) dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

We take the following relevant facts and procedural history from this Court's opinion filed on May 12, 2017, on direct appeal as well as our independent review of the certified record.  On May 15, 2013, a jury convicted Becker of three counts each of indecent assault and corruption of minors, two counts of aggravated indecent assault of a child, and one count of rape of a child.   The conviction stemmed from Becker's sexual abuse of his granddaughter and two step-granddaughters at his home over an extended

_____
*Retired Senior Judge assigned to the Superior Court.

period of time. Becker was sentenced to an aggregate term of not less than thirty-two years and nine months nor more than sixty-six years' imprisonment. However, Becker's sentence included mandatory minimum terms for his convictions of rape of a child and aggravated indecent assault of a child. We affirmed the judgment of sentence. (**See Commonwealth v. Becker**, 108 A.3d 105 (Pa. Super. 2014) (unpublished memorandum)).

Becker then filed a *pro se* PCRA petition, later amended by appointed counsel, claiming that trial counsel was ineffective for failing to properly advise him of his constitutional right to testify, as well as contending that the mandatory minimum sentences were illegal in light of this Court's decision in **Wolfe**, **infra**.[1] (**See** PCRA petition, 7/27/15, at 3; Amended PCRA petition, 10/23/15, at 2-5). The trial court stayed the PCRA petition pending our Supreme Court's review of **Wolfe.**

After **Wolfe** was affirmed by our Supreme Court, the Commonwealth filed a response to the PCRA petition agreeing that Becker was entitled to resentencing. However, the Commonwealth disputed that Becker was entitled to relief on his ineffective assistance of counsel claim because an evidentiary hearing was necessary to make out that claim. The Commonwealth went on to state that Becker could immediately to proceed to re-sentencing by foregoing his ineffective assistance of counsel claim. (**See id.**). Taking the

---

[1] **See Commonwealth v. Wolfe**, 106 A.3d 800 (Pa. Super. 2014), *affirmed*, 140 A.3d 651 (Pa. 2016) (holding mandatory minimum sentencing statute relating to offenses against children unconstitutional).

Commonwealth up on its suggestion, Becker proceeded to re-sentencing which resulted in an aggregate term of not less than twenty-eight years and six months nor more than fifty-eight years and eight months' incarceration. This Court affirmed the amended judgment of sentence on May 12, 2017, and our Supreme Court denied further review on October 12, 2017. (*See Commonwealth v. Becker*, 2017 WL 2113399 (Pa. Super. 2017) (unpublished memorandum), *appeal denied*, 172 A.3d 1111 (Pa. 2017)).

On November 27, 2017, Becker, acting *pro se*, filed the instant PCRA petition, later amended by appointed counsel, asserting that trial counsel provided ineffective assistance in connection with his right to testify at trial. Following a hearing, the PCRA court dismissed his PCRA petition[2] and this appeal followed.[3]

---

[2] Becker filed a timely, counseled concise statement of errors complained of on appeal on June 25, 2018. *See* Pa.R.A.P. 1925(b). The trial court entered a statement in lieu of a memorandum opinion on August 6, 2018. *See* Pa.R.A.P. 1925(a).

[3] The notice of appeal was docketed on June 4, 2018, while the deadline for filing a timely notice of appeal was May 30, 2018, thirty days after the PCRA court entered its order. *See* Pa.R.A.P. 903(a). However, it is well-settled that, "in the interest of fairness, the prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." *Commonwealth v. Chambers*, 35 A.3d 34, 38 (Pa. Super. 2011), *appeal denied*, 46 A.3d 715 (Pa. 2012) (citation omitted).

Here, Becker's notice of appeal and proof of service are dated May 26, 2018, and the associated postage slip indicates that he placed the document in the prison mailbox on May 30, 2018, which supports a conclusion that he timely filed this appeal under the prisoner mailbox rule. Under these

Becker raises the following issue for our review: "Whether the [PCRA court] erred in denying post-conviction relief where trial counsel failed to appraise Becker of his absolute right to testify or otherwise interfered in his client's free exercise of his Constitutional right to testify on his own behalf at trial?" (Becker's Brief, at 4).[4]

We cannot address the merits of that issue because "[t]he PCRA requires that, in order for a petitioner to be eligible for relief, his or her claim cannot have been 'previously litigated or waived.' 42 Pa.C.S. § 9543(a)(3)." **Commonwealth v. Roane**, 142 A.3d 79, 87 (Pa. Super. 2016). The PCRA provides that an issue is previously litigated if "the highest appellate court in

_____

circumstances, we give Appellant the benefit of the doubt, and treat his appeal as timely filed pursuant to the prisoner mailbox rule.

We further note that, although Becker filed his notice of appeal *pro se* while represented by counsel, that does not deprive us of jurisdiction to review his claims. **See Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016) (holding that this Court is required to docket and honor *pro se* notices of appeal filed by represented criminal defendants, despite prohibition on hybrid representation).

[4] "On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions. To be eligible for relief under the PCRA, a defendant must plead and prove that his conviction and/or sentence resulted from one of the circumstances delineated by the PCRA. **See** 42 Pa.C.S. § 9543(a)(2) ([including the ineffective assistance of counsel]). . . . Appellant has the burden to persuade this Court that the PCRA court erred and that such error requires relief. [Also, i]t is well settled that this Court may affirm a valid judgment or order for any reason appearing as of record. . . ." **Commonwealth v. Williams**, 196 A.3d 1021, 1026-27 (Pa. 2018) (case citations and some quotation marks omitted).

which the petitioner could have had review as a matter of right has ruled on the merits of the issue;" or if "it has been raised and decided in a proceeding collaterally attacking the conviction or sentence." 42 Pa.C.S. § 9544(a)(2)-(3). An issue is waived if "the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal **or in a prior state post conviction proceeding**." *Id.* at § 9544(b) (emphasis added).

Here, Becker argues the ineffective assistance of trial counsel based on counsel's alleged interference with his constitutional right to testify. (**See** Becker's Brief, at 4, 9-12). However, as noted above, Becker raised the same ineffectiveness claim in his previous PCRA petition, but waived the issue when he proceeded with re-sentencing in accordance with **Wolfe** instead of further pursuing his ineffectiveness claim. Accordingly, because Becker waived his ineffectiveness claim, **see also Roane**, **supra**, at 87, we affirm the PCRA court's order denying his request for PCRA relief on this basis. **See** 42 Pa.C.S. § 9544(b).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/29/2019

- 5 -