J-S74036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARTIN TISDALL | : | |
| | : | |
| Appellant | : | No. 2788 EDA 2017 |

Appeal from the PCRA Order Entered August 8, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0308871-1998

BEFORE:  LAZARUS, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED MARCH 21, 2019**

Martin Tisdall appeals from the denial of his request for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Tisdall maintains that the trial court should have granted his PCRA petition based on the holding in **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016). We affirm.

On November 22, 1999, Tisdall pled guilty to two counts of robbery, criminal conspiracy, and possessing an instrument of crime. On March 1, 2000, the trial court sentenced him to 32½ to 65 years' incarceration. Tisdall filed a post sentence motion and moved to withdraw his guilty plea. The trial court denied both motions. Tisdall did not seek appellate review.

Tisdall filed a *pro se* PCRA petition on January 22, 2013. The trial court appointed counsel who filed a **Turner/Finley**[1] letter maintaining that Tisdall's

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

petition was meritless. The trial court dismissed the petition as untimely and this Court affirmed. **See Commonwealth v. Tisdall**, 131 A.3d 105 (Pa.Super. 2015) (unpublished memorandum), *appeal denied*, 131 A.3d 491 (Pa. 2016). Tisdall filed the instant PCRA petition on March 25, 2016, and supplemented the petition on May 26, 2017. However, the trial court did not grant leave to amend the petition. The trial court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Tisdall responded to the Rule 907 notice and the trial court dismissed the petition. This timely appeal followed.

Tisdall raises the following issues:

I.    Did the PCRA court err under Pa.R.Crim.P. 907, with its dismissal of [Tisdall's] post-conviction petition, in the absence of stating the reason for dismissal of [Tisdall's] issue concerning the trial court's violation of due process rights to hearing on competence?

II.   Did the PCRA court err under Pa.R.Crim.P. 907, with its dismissal of [Tisdall's] two (2) separate issues that failed to be addressed in (a) its 907 intent to dismiss, and (b) its final order of dismissal?

III.  Did the PCRA court err under Pa.R.Crim.P. 907, with its dismissal of [Tisdall's] post-conviction petition, in the absence of addressing [Tisdall's] supplemental amended petition and [**Commonwealth v.**] **Burton**, [158 A.3d 618 (Pa. 2017)] claims thereof?

Tisdall's Br. at 4 (suggested answers omitted).

"On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." **Commonwealth v. Williams**, 196 A.3d 1021,

1026-27 (Pa. 2018) (quoting **Commonwealth v. Washington**, 927 A.2d 586, 593 (Pa. 2007)). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Roney**, 79 A.3d 595, 603 (Pa. 2013).

Tisdall's petition is untimely and we therefore do not address the merits of his PCRA petition. **See Commonwealth v. Smith**, 194 A.3d 126, 132 (Pa.Super. 2018) ("[W]e must begin by addressing the timeliness of Appellant's petition, because the PCRA's time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition"). A petitioner seeking post-conviction relief must file a petition within one year of the petitioner's judgment of sentence becoming final. **Id.**; **see also** 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). A court does not have jurisdiction to entertain a petition filed after the one-year time-bar unless the petitioner pleads and proves one of the time-bar exceptions. The exceptions include:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

- 3 -

(ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this Section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner claiming one of these exceptions must file the petition "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).[2]

Here, Tisdall's judgment of sentence became final on March 31, 2000, when the time to file a direct appeal to this Court expired. **See** Pa.R.A.P. 903(a). Therefore, Tisdall had until March 31, 2001, to file a timely PCRA petition. Thus, the instant petition filed on March 25, 2016, is patently untimely unless Tisdall pleads and proves at least one of the time-bar exceptions.

In his petition, Tisdall claims relief under the third exception, *i.e.* a constitutional right that applies retroactively, citing to **Montgomery**.[3] **See**

_____

[2] The Pennsylvania Legislature amended Section 9545(b)(2) on December 24, 2018, to extend the time of filing to one year. However, the amendment applies only to claims raised one year prior to the amendment or thereafter. **See** 42 Pa.C.S.A. § 9545(b)(2). Here, the amendment does not apply since Tisdall filed his petition more than a year before the amendment.

[3] We do not review the claims raised in Tisdall's supplemental petition because the PCRA court did not grant leave for him to supplement his original petition. **See Commonwealth v. Mason**, 130 A.3d 601, 621 n. 19 (Pa. 2015) (stating that amendment to PCRA petition "is permitted only by the direction or leave of the PCRA court") (quoting **Commonwealth v. Porter**, 35 A.3d 4, 12 (Pa. 2012)).

PCRA Petition, filed 3/25/16, at 1. The Court in **Montgomery** held that **Miller v. Alabama**, 567 U.S. 460 (2012), which held that it was unconstitutional to sentence a juvenile to mandatory life without parole, "announced a substantive rule that is retroactive in cases on collateral review." **Montgomery**, 136 S.Ct. at 732. **Montgomery** does not warrant relief for Tisdall for two reasons. First, Tisdall was not a juvenile but in fact was 36 years old when he committed the above referenced crimes. Second, the trial court did not sentence him to life without parole. Therefore, he fails to plead and prove any of the time-bar exceptions. The trial court did not abuse its discretion in denying his untimely petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/21/19