J-S01006-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MICHAEL PUGH :
:
Appellant : No. 748 EDA 2018

Appeal from the PCRA Order February 16, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002911-2015,
CP-51-CR-0002934-2015

BEFORE:   BOWES, J., KUNSELMAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BOWES, J.: **FILED MAY 12, 2020**

Michael Pugh appeals from the February 16, 2018 order denying him

relief under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*.

We affirm.

On March 22, 2016, Appellant entered a negotiated guilty plea to forgery

and conspiracy at docket number CP-51-CR-0002911-2015 ("No. 2911-

2015"), and forgery and conspiracy at CP-51-CR-0002934-2015 ("No. 2934-

2015").  The remaining charges at those dockets, as well as similar charges

at six other docket numbers, were *nolle prossed* by the Commonwealth.[1]  The

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant was charged with multiple counts of access device used to obtain
property, theft by unlawful taking, theft by deception, and receiving stolen
property.

charges stemmed from a crime spree in which Appellant and two co-defendants stole credit cards and used them to purchase retail goods.

In advance of the guilty plea hearing, Appellant reviewed the written guilty plea colloquy with his attorney. At the guilty plea hearing, the trial court gave Appellant additional time to review and sign the written colloquy with his attorney. Thereafter, the court conducted an oral colloquy of Appellant, and the Commonwealth's attorney placed the factual basis for the plea on the record. This included a description of the offenses, the dates and locations where they were committed, and Appellant's role in the crimes.

In exchange for Appellant's guilty plea to forgery and conspiracy to commit forgery, the Commonwealth *nolle prossed* seventeen charges and recommended an aggregate sentence of two to four years imprisonment followed by three years of probation, and $605 in restitution. The sentence was to run concurrent to other sentences imposed in other counties. The court sentenced Appellant in conformity with the negotiated plea.

Appellant did not seek to withdraw his plea, nor did he file a direct appeal challenging its validity. Instead, Appellant filed a timely *pro se* PCRA petition on July 11, 2018. Counsel was appointed, and he filed an amended petition on Appellant's behalf on April 30, 2017. The amended petition alleged that plea counsel was ineffective in inducing Appellant to plead guilty at No. 2911-2015. He maintained that, had counsel investigated, he would have ascertained that Appellant was in state custody on March 17, 2014, the date

- 2 -

when the crimes docketed at No. 2911-2015 were committed. He also claimed that plea counsel was ineffective for failing to object to the allegedly defective colloquy regarding the crimes docketed at No. 2934-2015.

The Commonwealth moved to dismiss Appellant's petition, citing the lack of proof that Appellant was in custody when the offenses at No. 2911-2015 were committed. Furthermore, it pointed to the record of the guilty plea hearing as establishing that Appellant was apprised of the factual basis for his plea at No. 2934-2015. Finally, the Commonwealth relied upon Appellant's admission on the record that he committed the offenses.

The PCRA court issued Rule 907 notice of its intent to dismiss the petition without a hearing as the issues lacked merit. Appellant filed a response to the Rule 907 notice to which he attached two psychiatric evaluations as alleged proof that he was in a mental health facility on March 17, 2014.[2] The PCRA petition was dismissed without a hearing on February 16, 2018.

Appellant filed a timely *pro se* notice of appeal, and the court appointed new counsel as Appellant's PCRA counsel had retired. On May 9, 2018, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), Appellant complied, and the PCRA court

_____

[2] Appellant had attached the same evaluations to his *pro se* PCRA petition.

penned its Rule 1925(a) opinion. Appellant presents two issues for our review:

> I.   Did the trial court err by dismissing the PCRA petition?
>
> II.  Was [Appellant] able to knowingly, intelligently, and voluntarily plead guilty? [Appellant] has a significant psychiatric history.

Appellant's brief at 3 (unnecessary capitalization omitted).[3]

> On appeal from the denial of PCRA relief,
>
> our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Williams***, 196 A.3d 1021, 1026-27 (Pa. 2018) (internal citations and quotations omitted).

Appellant frames his claims regarding his guilty plea in terms of ineffective assistance of counsel. The law is well settled that a criminal defendant has the right to effective counsel during the plea process. ***Commonwealth v. Kehr***, 180 A.3d 754, 760 (Pa.Super. 2018) (citing ***Hill v. Lockhart***, 474 U.S. 52 (1985)). However, allegations of ineffective assistance of plea counsel serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. ***Id***. The voluntariness of the plea depends on whether counsel's advice to plead guilty "was within

---

[3] The Commonwealth did not file a brief on appeal.

the range of competence demanded of attorneys in criminal cases." *Id*. (citing *Hill*, *supra* at 56).

The law is well settled in Pennsylvania that counsel is presumed to be effective. *See Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007). In order to overcome that presumption, "a PCRA petitioner must plead and prove that: (1) the legal claim underlying the ineffectiveness claim has arguable merit; (2) counsel's action or inaction lacked any reasonable basis designed to effectuate petitioner's interest; and, (3) counsel's action or inaction resulted in prejudice to petitioner." *Commonwealth v. Mason*, 130 A.3d 601, 618 (Pa. 2015).

In determining whether counsel's action or inaction had a reasonable basis, the issue is not "whether there were other more logical courses of action which counsel could have pursued[,]" but "whether counsel's decisions had any reasonable basis." *Commonwealth v. Bardo*, 105 A.3d 678, 684 (Pa. 2014) (citations omitted). If it is a matter of strategy, we will not find a lack of reasonable basis unless "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Commonwealth v. Spotz*, 84 A.3d 294, 311-12 (Pa. 2014). In order to demonstrate prejudice, "a petitioner must show that there is a reasonable probability that, but for counsel's actions or inactions, the result of the proceeding would have been different." *Mason*, *supra* at 389. All three

prongs of the test must be satisfied in order for a petitioner to be entitled to relief. *Id*.

Appellant alleges first that the PCRA court erred in dismissing his petition because his guilty plea was unlawfully induced due to plea counsel's ineffectiveness. He maintains that plea counsel was ineffective by failing to investigate Appellant's claim that he was in state custody and could not have committed the crimes on March 17, 2014, which were the subject of the criminal information at No. 2911-2015. He relies upon two psychiatric evaluations, one dated March 5, 2014, and the other March 18, 2014, as his proof that he was an inpatient at a mental health facility on March 17, 2014, when the offenses at No. 2911-15 were committed.

The PCRA court rejected Appellant's claim because he admitted under oath that he committed these crimes, and he was bound by those statements. Appellant acknowledged that he knew what he did was wrong, and stated, "Your Honor, I just wanted to take responsibility for what I've done. You know, I turned myself in. It wasn't like you all came looking for me. I'm not trying to get rewarded for that. I'm just trying to straighten my life out." PCRA Court Opinion, 6/18/19, at 5 (quoting N.T. Guilty Plea/Sentencing Hearing, 3/22/16, at 20). Furthermore, the PCRA court noted that Appellant had not provided records that substantiated that he was in custody or elsewhere when the offenses occurred. *See* PCRA Court Opinion, 6/18/18, at 5.

Appellant continues to argue on appeal that counsel was ineffective because he did not investigate and learn that Appellant was an inpatient in a psychiatric facility when the crimes charged at No. 2911-2015 were committed. Consequently, he claims that he pled guilty to crimes that he did not commit.

Preliminarily, we agree with the PCRA court that Appellant did not offer proof that he was in custody on March 17, 2014, when the crimes charged at No. 2911-2015 were committed. The psychiatric evaluations he provided merely established that he was admitted to Keenan House on March 2, 2014, evaluated on March 5, 2014, and that he had another appointment scheduled in four weeks. Records from Gaudenzia DRC Inc. ("Gaudenzia") indicate that Appellant was evaluated at that facility on March 18, 2014. That evaluation recited that Appellant was at Keenan House for three days, not thirty days as Appellant maintains, and then transferred to Gaudenzia after he was charged with robbery. There is no indication that he was hospitalized at the latter facility.

We note further that Appellant had access to the criminal information that referenced the date of the offenses. In addition, he was present for the colloquy when the Commonwealth recited the time and location of the theft of

a credit card on March 17, 2014.[4] Appellant did not proclaim his innocence, but admitted that he committed the offenses described at No. 2911-2015. During his allocution, he told the trial court that he had turned himself in, and that he wanted to take responsibility for what he had done. Appellant has failed to demonstrate that the underlying claim had arguable merit, and hence, the PCRA correctly denied PCRA relief.

Appellant contends next that, despite the PCRA court's finding to the contrary, the oral colloquy was deficient because there was no recitation of the facts underlying No. 2934-2015, and his counsel failed to object. The PCRA Court found that the facts of the underlying crimes, including the dates of their commission, had been placed on the record.

Our review of the transcript of the guilty plea/sentencing hearing, however, validates Appellant's claim that the oral colloquy was defective as to No. 2934-2015. Although the Commonwealth recited the factual basis for the crimes charged at the other seven criminal informations, it inadvertently

_____

[4] The Commonwealth's attorney stated on the record that, "at the docket ending in 2911-2015, the defendant, along with two co-defendants, I believe it is Damien Waller and Seleta [phonetic] Miller, were -- that occurred on March 17th, 2014, were inside of, I believe, a restaurant, at 1701 Locust Street at around 3:50 p.m. when the individuals took a credit card from the complainant, Natalia Hantharuk, H-A-R-T-H-A-R-U-K. The individuals then used that credit card in the amount of $930 in a Target store here in Philadelphia County without the complainant's permission, and the restitution in that case is $930." N.T. Guilty Plea/Sentencing Hearing, 3/22/16, at 14.

omitted the factual basis for the plea to the offenses at No. 2934-2015. Plea counsel did not object.

Nonetheless, Appellant failed to allege or prove that, as a result of counsel's defective performance, his guilty plea was involuntary. Moreover, he failed to establish prejudice, *i.e.*, that but for counsel's omission or error, the outcome would have been different. Appellant has not advanced any allegation that he would not have pled guilty to forgery and conspiracy at No. 2934-2015, had plea counsel objected to the defective colloquy. Accordingly, this claim fails.

Finally, Appellant contends that he was incapable of knowingly, intelligently, and voluntarily pleading guilty due to his psychiatric history. He points out that two competency evaluations were scheduled, but neither took place. He claims plea counsel was ineffective for not insisting that his mental competency be evaluated prior to entry of his guilty plea.

We note first that Appellant raised this issue for the first time in his Pa.R.A.P. 1925(b) statement. "It is well settled that issues not raised below cannot be advanced for the first time in a 1925(b) statement or on appeal." *Irwin Union Nat. Bank & Trust Co. v. Famous,* 4 A.3d 1099, 1104 (Pa.Super. 2010); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *Commonwealth v. Santiago*, 855 A.2d 682, 691-692 (Pa. 2004) (citing

general rule that a claim not raised in a PCRA petition cannot be raised for the first time on appeal).

Nonetheless, the PCRA court addressed the issue in its Rule 1925(a) opinion, and concluded that the underlying issue lacked reasonable merit. The PCRA court found that even though Appellant had not been psychologically evaluated prior to entering his guilty plea on these particular offenses, he was competent to enter a plea, as he understood the nature of the charges against him, and was able to consult with his attorney and actively participate in his defense. Hence, counsel was not ineffective in failing to pursue a mental evaluation prior to the entry of the guilty plea.

The record supports the finding of the PCRA court that Appellant was competent to enter a voluntary, knowing, and intelligent plea. The trial court conducted an oral colloquy in which it determined that Appellant had spoken to his attorney that day, that he was satisfied with counsel's representation, and that he understood the terms of the negotiated plea. Appellant denied that he was under the influence of any drugs or alcohol that would impair his judgment. Defense counsel advised the court that Appellant regularly takes medication, but that the medication would not hinder his understanding of the proceedings. No relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/12/2020