J-S36036-21

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANDRE STRUM, | : | |
| | : | |
| Appellant | : | No. 173 EDA 2021 |

Appeal from the PCRA Order Dated December 9, 2020
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0504651-1997

BEFORE: LAZARUS, J., KING, J., AND COLINS, J.*:

MEMORANDUM BY COLINS, J.:                    **FILED DECEMBER 09, 2021**

Appellant, Andre Strum, appeals *pro se* from the order denying his fifth

petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.

§§ 9541–9546.  We affirm.

A prior panel of this Court recited the factual and procedural background

of this case as follows:

> At trial, the Commonwealth presented evidence that
> in the morning of May 20, 1995, several people,
> including [Appellant], Marc Johnson ("Johnson"), and
> the victim, Robert Malcom ("Junior"), were gathered
> at 41 North 62nd Street in Philadelphia, a house
> belonging to Gary Gunther and Bernice Philips.
> [Appellant] was armed with a handgun and Johnson a
> sawed-off shotgun.
>
> After both Gunther and Phillips went to the second
> floor of the house, [Appellant] confronted Junior, a
> fellow drug dealer, and conveyed verbal demands to
> relinquish valuables. In response to Junior's failure to
> comply, [Appellant], and shortly thereafter Johnson,

*Retired Senior Judge assigned to the Superior Court.

began beating him. [Appellant] then shot Junior four times. Then, after a series of subsequent misfires, [Appellant] and Johnson began pistol-whipping Junior. After a mutual friend intervened, [Appellant] and Johnson fled the scene. Junior died shortly thereafter. The Commonwealth also presented the testimony of Paul Franklin, to whom [Appellant] confessed, as well as evidence of [Appellant's] two-year flight to three different states under assumed identities.

PCRA Court Opinion, 11/10/16, at 2–3.

A jury convicted Appellant of first-degree murder, robbery, criminal conspiracy, and possession of an instrument of crime ("PIC")[1] on December 18, 1997. On July 7, 1998, Appellant was sentenced to life imprisonment for murder, a consecutive term of imprisonment of five to ten years for the robbery conviction, and a concurrent term of incarceration of four to eight years for criminal conspiracy; no further penalty was imposed for PIC. This court affirmed the judgment of sentence on November 29, 1999. **Commonwealth v. Strum**, 750 A.2d 377, 3453 PHL 1998 (Pa. Super. 1999) (unpublished memorandum). Appellant did not file a petition for allowance of appeal to the Pennsylvania Supreme Court.

_____

[1] 18 Pa.C.S. §§ 2502, 3701, 903, and 907, respectively.

Appellant, *pro se*, filed his first PCRA petition on December 15, 2000, and appointed counsel filed an amended petition on January 17, 2003. The PCRA court denied the petition on July 10, 2003, this Court affirmed on February 17, 2005, and our Supreme Court denied Appellant's petition for allowance of appeal on September 14, 2005. **Commonwealth v. Strum**, 873 A.2d 772, 2413 EDA 2003 (Pa. Super. 2005) (unpublished memorandum), *appeal denied*, 882 A.2d 1006, 112 EAL 2005 (Pa. 2005).

On September 21, 2005, Appellant filed a *pro se* petition for writ of *habeas corpus* in federal court. The district court denied the petition on May 7, 2007, and the Third Circuit Court of Appeals denied a certificate of appealability on October 4, 2007. **Strum v. Palakovich**, 2007 WL 1366891 (E.D.Pa. 2007).

Appellant, *pro se*, filed his second PCRA petition on September 29, 2009. The PCRA court dismissed the petition on November 4, 2013; no appeal was filed. Appellant filed his third PCRA petition on December 2, 2013, which was styled as a petition for writ of *habeas corpus.* Following its denial by the PCRA court, this Court affirmed the denial, and our Supreme Court denied Appellant's petition for allowance of appeal on July 15, 2015. *Commonwealth v. Strum*, 121 A.3d 1117, 1375 EDA 2014 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 118 A.3d 1108, 245 EAL 2015 (Pa. 2015). Meanwhile, in federal court, Appellant filed a motion pursuant to Fed.R.Civ.P. 60(b) seeking relief from the denial of his *habeas corpus* petition filed seven years earlier. The district court denied the petition on March 19, 2005, and the Third Circuit Court of Appeals denied a certificate of appealability on September 2, 2015. *Strum v. Palakovich*, 2015 WL 1255907 (E.D.Pa. 2015) (unpublished memorandum).

*Commonwealth v. Strum*, 2277 EDA 2016, 2017 WL 3189207, at *1–2 (Pa. Super. July 27, 2017) (citations to the record omitted). On October 20, 2015, Appellant filed *pro se* his fourth PCRA petition, which the PCRA court dismissed on June 21, 2016.  On July 27, 2017, this Court affirmed.  **Id.**  Appellant did not seek allowance of appeal with our Supreme Court.

On July 13, 2018, Appellant filed the instant *pro se* PCRA petition, his fifth.  He acknowledged his petition was facially untimely but claimed that it fell within the exceptions to the PCRA's time-bar for a newly-discovered fact and a newly-recognized, retroactively-applicable constitutional right, citing *McCoy v. Louisiana*, 138 S.Ct. 1500 (2018).[1]  PCRA Petition, 7/13/2018, at 3, 7.  Appellant claimed trial counsel was ineffective for stipulating to evidence

---

[1] As discussed *infra*, there are three exceptions to the PCRA's one-year time-bar.  **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

involving an unrelated gun at trial, which Appellant claimed amounted to an admission of guilt on the PIC charge. *Id.* According to Appellant, the *McCoy* Court "found such conduct to be a structural error in violation of the Sixth Amendment." *Id.* at 7.

On September 18, 2020, pursuant to Pa.R.Crim.P. 907, the PCRA court filed notice of its intent to dismiss the petition.[2] Appellant filed a response on October 6, 2020. The PCRA court dismissed the petition as untimely filed on December 9, 2020, and Appellant timely filed this appeal.[3] The PCRA court did not order Appellant to file a statement pursuant to Pa.R.A.P. 1925(b) and none was filed. The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a).

On appeal, Appellant presents the following issues for our review:

1. Whether the court below abused its discretion by ruling that [A]ppellant failed to invoke an exception to the PCRA's time-bar?

2. Whether the stringent standard of review used by the court below allowed a manifest injustice to occur in this case?

Appellant's Brief at v (suggested answers omitted).

---

[2] The record does not indicate a reason for the two-year delay. We note that "the PCRA court does have the ability and responsibility to manage its docket and caseload and thus has an essential role in ensuring the timely resolution of PCRA matters." *Commonwealth v. Renchenski*, 52 A.3d 251, 260 (Pa. 2012).

[3] On May 18, 2021, this Court dismissed the instant appeal due to Appellant's failure to file a brief. This Court subsequently received Appellant's application for an extension of time to file a brief, which was dated April 14, 2021. Accordingly, we vacated the dismissal order and reinstated the appeal. Order, 5/26/2021.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error." *Commonwealth v. Whitehawk*, 146 A.3d 266, 269 (Pa. Super. 2016).

We begin by determining whether Appellant's PCRA petition was timely filed as this implicates our jurisdiction. *Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa. Super. 2010) ("Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition."). A petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, and that the claim was raised within 60 days[4] of the date on which it became available. 42 Pa.C.S. § 9545(b). A PCRA petition may be filed beyond the one-year time period only if the petitioner pleads and proves one of the following three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

---

[4] Effective December 24, 2018, the legislature amended subsection 9545(b)(2) to read: "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." *See* 42 Pa.C.S. § 9545(b)(2) (effective December 24, 2018). The amendment to subsection 9545(b)(2) only applies to "claims arising on [December] 24, 2017, or thereafter." *See id.*, cmt.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

As noted above, Appellant concedes his petition is facially untimely and contends that he properly invoked the exception found at subsection 9545(b)(1)(iii), by relying upon the United States Supreme Court's decision in *McCoy*.[5]  Appellant's Brief at 6-8, 18-22.  In *McCoy*, the Court

held that a capital defendant had the right to direct counsel not to admit the defendant's guilt during the penalty phase of his trial, despite counsel's reasonable belief that admitting guilt was the most effective tactic to save the defendant from being sentenced to death. The Court further held that trial counsel's refusal to adhere to the defendant's direction in this regard constituted structural error necessitating a new trial.

*Commonwealth v. Williams*, 196 A.3d 1021, 1036 (Pa. 2018) (Wecht, J. concurring).

Even assuming *arguendo* that this decision constitutes recognition of a new constitutional right, Appellant has not established that the U.S. Supreme

---

[5] Appellant also invokes the newly-discovered-fact exception and claims the *McCoy* decision itself is a new "fact" under subsection 9545(b)(1)(ii). **See** PCRA Petition, 7/13/2018, at 3; Appellant's Brief at 15-18.  Such claim is without merit. **Commonwealth v. Reid**, 235 A.3d 1124, 1147 (Pa. 2020) ("As we have related quite a few times, subsequent decisional law does not amount to a new 'fact' under [S]ection 9545(b)(1)(ii) of the PCRA.") (citation and some quotation marks omitted; bracket in original).

Court or Pennsylvania Supreme Court has held the **McCoy** decision applies retroactively to cases on collateral review. Our Supreme Court has expressly held that "the language 'has been held' in 42 Pa.C.S. § 9545(b)(1)(iii) means that a retroactivity determination must exist at the time that the petition is filed." **Commonwealth v. Abdul-Salaam**, 812 A.2d 497, 502 (Pa. 2002).

As Appellant's petition does not meet any of the PCRA timeliness exceptions, the PCRA court was without jurisdiction to reach the merits of the petition. Thus, Appellant's petition was properly dismissed as untimely filed, and no relief is due.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*

*Prothonotary*

*Date: 12/9/2021*