J-S35026-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HELINA ABEBE | : | |
| | : | |
| Appellant | : | No. 540 MDA 2024 |

Appeal from the PCRA Order Entered March 4, 2024
In the Court of Common Pleas of Clinton County Criminal Division at
No(s):  CP-18-CR-0000513-2020

BEFORE:  PANELLA, P.J.E., MURRAY, J., and KING, J.

MEMORANDUM BY MURRAY, J.:                **FILED: OCTOBER 11, 2024**

Helina Abebe (Appellant) appeals from the order denying her first petition filed pursuant to the Post Conviction Relief Act (PCRA).  ***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

Appellant entered a negotiated guilty plea to one count of aggravated assault[1] on October 7, 2021.  On April 12, 2022, the trial court sentenced Appellant, commensurate with the plea agreement, to a 10-year term of probation.  The court also ordered Appellant to pay restitution of approximately $28,500.

---

[1] 18 Pa.C.S.A. § 2702(a)(3).  The facts underlying Appellant's plea are not relevant to this appeal.  ***See*** Trial Court Opinion and Order, 3/1/22, at 1-2 (detailing facts).

Appellant was represented during the plea proceedings by court-appointed counsel, Fred Lingle, Esquire (Attorney Lingle).  After sentencing, however, Appellant expressed her dissatisfaction with Attorney Lingle's representation.  ***See*** N.T., 12/6/21, at 4.  The trial court subsequently permitted Attorney Lingle to withdraw and appointed Marc A. Decker, Esquire (Attorney Decker or standby counsel), to represent Appellant.

Attorney Decker filed a post-sentence motion (PSM) on Appellant's behalf on April 28, 2022.  In the interim, on April 18, 2022, Appellant filed a *pro se* notice of appeal from her judgment of sentence.  This Court dismissed the appeal as prematurely filed, pointing out Appellant's PSM remained pending.  Order (617 MDA 2022), 7/6/22 (citing ***Commonwealth v. Claffey***, 80 A.3d 780, 783 (Pa. Super. 2013) (stating appeals filed while post-sentence motions remain pending are premature)).

The trial court held a hearing on Appellant's PSM on July 11, 2022 (PSM hearing).  Appellant, represented by Attorney Decker, appeared remotely via Zoom.  At the beginning of the PSM hearing, Attorney Decker stated, "[A]bout 20 minutes ago, [Appellant] indicated to me that she was going to be requesting to proceed *pro se* moving forward…."  N.T., 7/11/22, at 3.  The trial court conducted a thorough colloquy of Appellant to ensure she

knowingly, voluntarily, and intelligently waived her right to counsel.[2]  ***See id.***

at 5-8; ***see also*** Pa.R.Crim.P. 121(A)(2).  Appellant confirmed that it was her

desire to proceed *pro se*, and to withdraw the pending PSM.  N.T., 7/11/22,

at 8; ***see also id.*** at 6 (Appellant stating, "I feel as though I'm fully capable

of representing myself….").

> Following the PSM hearing, the trial court issued an order stating,
>
> The appointment of [Attorney] Decker … to represent [Appellant] is vacated.  [Appellant] shall proceed *pro se* in representing herself.  [**Attorney**] **Decker … is appointed <u>standby</u> counsel for any future proceedings in this matter.**  The [PSM] … filed by [Attorney] Decker … is deemed withdrawn.

Order, 7/11/22, at 1 (emphasis added; formatting modified); ***see also***

Pa.R.Crim.P. 121(D) ("When the defendant's waiver of counsel is accepted,

standby counsel may be appointed for the defendant.  Standby counsel shall

attend the proceedings and shall be available to the defendant for consultation

and advice.").

On March 2, 2023, the Commonwealth filed a petition to revoke

Appellant's probation, claiming she had committed several probation

violations.  The PCRA court described what next transpired in its opinion:

---

[2] The trial court informed Appellant of, *inter alia*, her right to appeal her sentence and file *pro se* post-sentence motions.  ***See*** N.T., 7/11/22, at 9-13. Appellant repeatedly stated, however, that she "will not continue to proceed with appealing this case."  ***Id.*** at 7; ***see also id.*** at 8.

On March 14, 2023, th[e trial] court conducted an evidentiary hearing[3] and found that [Appellant] had violated [her] probation by failing to cooperate with the Adult Probation Office of Clinton County and the supervising probation entity in the State of California [(*i.e.*, Appellant's state of residence). Thus, the trial court] granted the [Commonwealth's] petition to revoke probation…. Resentencing in this matter was scheduled for May 9, 2023….[4]

On May 9, 2023, [Appellant] refused to enter the Sheriff's vehicle for transportation from the Clinton County Correctional Facility [(CCCF or the correctional facility)] to the Clinton County Courthouse; [] therefore, th[e trial] court continued sentencing to May 16, 2023, instructing standby counsel to specifically warn [Appellant that] if [she] did not appear on May 16, 2023, that th[e trial] court intended to sentence [Appellant] *in absentia*.

PCRA Court Opinion, 3/4/24, at 5-6 (footnotes added; formatting and some capitalization modified).

The May 16, 2023, hearing is of import to the instant appeal. On that date, Appellant again refused transportation from the CCCF and failed to appear at the hearing. At the hearing, the Commonwealth recommended a probation revocation sentence of five to ten years in prison. The prosecutor emphasized Appellant's (a) repeated refusal to attend proceedings; and (b) "supervision history … [and] actions in this case." N.T., 5/16/23, at 2.

---

[3] At the beginning of the March 14, 2023, hearing, Appellant acknowledged, "I'm representing myself." N.T., 3/14/23, at 3; **see also** N.T., 3/3/23, at 2 (prior hearing wherein standby counsel stated, "although [Appellant] appreciates my position as stand[]by counsel, she will be representing herself at this proceeding and further proceedings.").

[4] The trial court ordered the preparation of a pre-sentence investigation (PSI) report. The PSI is not included in the certified record.

At the May 16, 2023, hearing, the trial court considered standby counsel's position in light of Appellant's absence. *Id.* at 2-3. Standby counsel stated, in relevant part:

> To the extent, Your Honor, that I'm stand[]by counsel, but in advocating for [Appellant], I would suggest that Your Honor is certainly very familiar with [Appellant]. … I do believe, in my lay opinion, that she's in need of some sort of counseling or mental health treatment. I don't think [a sentence of] five to 10 years at a State Correctional Facility would be the place that would help [Appellant].

*Id.* at 3; *see also id.* at 3-4 (standby counsel requesting that the trial court "take into consideration heavily the mental health issues [that Appellant] has been apparently laboring over for quite some time now that don't appear to have been addressed to date."). The trial court stated it would continue sentencing to May 23, 2023, and again directed standby counsel to advise Appellant of the court's intention to sentence her *in absentia* if she refused to appear. *Id.* at 5.

Appellant's resentencing occurred, *in absentia*, on May 23, 2023. Prior to imposing sentence, the trial court noted that standby counsel, on two occasions, had visited the CCCF but Appellant refused to speak with him. N.T., 5/23/23, at 2. Standby counsel opined, "it appears that [Appellant's] mental health and appreciation for the circumstances has been deteriorating." *Id.* at 3. The trial court sentenced Appellant to serve 2 to 10 years in prison.[5] *Id.*

---

[5] The trial court stated that Appellant was eligible for the State Motivational Boot Camp program.

at 11. The court also directed standby counsel to advise Appellant of her appeal rights and provide her with a copy of the sentencing order. *Id.* at 12-13. Appellant did not timely file post-sentence motions or an appeal.

On September 6, 2023, Appellant filed a *pro se*, handwritten document titled, "Appeal to Revocation of Probation," which the PCRA court construed as a PCRA petition. **See Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011) (stating this Court has "repeatedly held that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." (citation and ellipses omitted)). The PCRA court appointed Brian W. Ulmer, Esquire (PCRA counsel),[6] to represent Appellant, directed him to file an amended PCRA petition, and scheduled an evidentiary hearing for January 25, 2024. Order, 9/25/23.

On October 2, 2023, Appellant filed a *pro se* PCRA petition.[7] PCRA counsel filed a timely, amended PCRA petition on November 30, 2023, asserting a claim of standby counsel's ineffectiveness. Specifically, the amended petition maintained Appellant

_____

[6] PCRA counsel also represents Appellant on appeal.

[7] As Appellant was represented by counsel at the time of filing her *pro se* PCRA petition, it was a legal nullity. **See Commonwealth v. Willis**, 29 A.3d 393, 400 (Pa. Super. 2011) (observing the "long-standing policy that precludes hybrid representation. … [T]here is no constitutional right to hybrid representation at trial … or during PCRA proceedings." (citations, quotation marks, and ellipses omitted)); **see also Commonwealth v. Mojica**, 242 A.3d 949, 953 (Pa. Super. 2020) (*pro se* PCRA petitions filed while the petitioner is counseled are "a legal nullity.").

was denied her constitutional rights where stand[]by counsel, by specifically advocating for [Appellant] at a hearing on May 16, 2023, converted himself into counsel for [Appellant] and was subsequently lacking by failing to file either a post-sentence motion for relief and/or an appeal on [Appellant's] behalf, both of which were appropriate[,] … where she received a sentence that was above the aggravated range.

Amended PCRA Petition, 11/30/23, ¶ 13. The Commonwealth filed an answer to the PCRA petition on December 28, 2023.

The PCRA court held an evidentiary hearing on the PCRA petition on January 25, 2024. The PCRA court explained in its opinion that, at this hearing, "[Appellant] did not offer any evidence and indicated [that she] would rely upon the current record. The Commonwealth also did not offer any evidence…." PCRA Court Opinion, 3/4/24, at 7. The PCRA court denied Appellant's PCRA petition on March 4, 2024. This timely appeal followed. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant presents the following issue for review:

Did error occur in the denial of post-conviction relief where stand[]by counsel, by specifically advocating for Appellant at a hearing on May 16, 2023, converted himself into counsel and subsequently failed to file either a post[-]sentence motion for relief and/or an appeal, both of which were appropriate in a matter where Appellant received a sentence that was above the aggravated range?

Appellant's Brief at 4.

We review the denial of PCRA relief for an error of law or an abuse of discretion. *Commonwealth v. Greer*, 316 A.3d 623, 631 (Pa. 2024).

We apply a *de novo* standard of review to the PCRA court's legal conclusions. The scope of review is limited to the findings of

- 7 -

the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level.

***Commonwealth v. Conforti***, 303 A.3d 715, 725 (Pa. 2023) (citations and quotation marks omitted); ***see also Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014) (stating appellate courts "grant great deference to the factual findings of the PCRA court and will not disturb them unless they have no support in the record." (citation omitted)).

The Pennsylvania Supreme Court has explained that

a PCRA petitioner will be granted relief only when [s]he proves, by a preponderance of the evidence, that h[er] conviction or sentence resulted from[, *inter alia*,] the "ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."

***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (quoting 42 Pa.C.S.A. § 9543(a)(2)(ii)). The law presumes counsel is effective; a PCRA petitioner bears the burden of proving otherwise. ***Commonwealth v. Brown***, 196 A.3d 130, 150 (Pa. 2018); ***see also Commonwealth v. Lesko***, 15 A.3d 345, 380 (Pa. 2011) ("When evaluating ineffectiveness claims, judicial scrutiny of counsel's performance must be highly deferential." (citation and internal quotation marks omitted)).

In order to establish a claim of ineffectiveness, a PCRA petitioner must plead and prove three prongs:

(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability the result

of the proceeding would have been different. ***Commonwealth v. Chmiel***, 30 A.3d 1111, 1127 (Pa. 2011) (employing ineffective assistance of counsel test from ***Commonwealth v. Pierce***, 527 A.2d 973, 975-76 (Pa. 1987)). … Additionally, counsel cannot be deemed ineffective for failing to raise a meritless claim. Finally, because a PCRA petitioner must establish all the ***Pierce*** prongs to be entitled to relief, we are not required to analyze the elements of an ineffectiveness claim in any specific order; thus, if a claim fails under any required element, we may dismiss the claim on that basis.

***Commonwealth v. Treiber***, 121 A.3d 435, 445 (Pa. 2015) (citations modified).

Here, Appellant claims the PCRA court erred in denying her PCRA petition, where standby counsel (a) "converted himself into counsel" by "specifically advocating for Appellant" at the above-described May 16, 2023, hearing; and (b) was ineffective for failing to file either a post-sentence motion or a direct appeal on Appellant's behalf. Appellant's Brief at 8 (italics omitted).

> Stand[]by counsel turned himself into Appellant's attorney by virtue of his direct advocacy on May 16, 2023. At that point, it was incumbent [upon standby counsel] to preserve [Appellant's] rights, including … a request for post[-]sentence relief and/or an appeal. Neither occurred.

***Id.*** at 7. "When [standby] counsel advocated for Appellant, he was no longer simply attending proceedings and providing consultation and advice. He elevated himself from stand-by to full counsel, with all attendant responsibilities." ***Id.*** at 10.

As a result, Appellant contends, standby counsel "is now vulnerable to a PCRA [ineffectiveness] claim." ***Id.*** According to Appellant, "[c]onsidering the severity of [Appellant's probation revocation sentence] in light of … [her]

- 9 -

mental health issues, there was a strong probability of a sentence reduction" had standby counsel filed a post-sentence motion or appeal. *Id.* at 11; *see also id.* (stating Appellant's sentence of 2 to 10 years in prison "appears to be above the aggravated guideline range"). Appellant claims, "[t]here was no reason for [standby counsel's] failure to pursue either a post-sentence motion and/or an appeal." *Id.*

The Commonwealth counters the PCRA court did not err in denying the PCRA petition, as Appellant is precluded from raising a claim of standby counsel's ineffectiveness. *See* Commonwealth Brief at 13-18. The Commonwealth emphasizes Appellant (a) proceeded *pro se* following revocation of her probation and during the several re-sentencing hearings; and (b) "validly waived her right to counsel." *Id.* at 14. According to the Commonwealth, "[t]here is no evidence in the record to show that standby counsel exceeded his role or interfered" with Appellant's right to self-representation. *Id.* at 16; *see also id.* at 18 ("Stand[]by counsel maintained his role of standby counsel throughout the sentencing proceedings"). The Commonwealth claims,

> [Attorney] Decker was standby counsel from July of 2022. He remained that continuously until after [Appellant was sentenced on] May 23, 2023. [Appellant] did not complain of standby counsel [] doing things she didn't like during a hearing or filing a pleading she didn't like. [Attorney] Decker abided by [Appellant's] wishes.

*Id.* at 15.

- 10 -

According to the Commonwealth, because "standby counsel was just that, and [Appellant] freely represented herself, there can be no PCRA claim of ineffective assistance of counsel." *Id.* at 18 (citing *Commonwealth v. Fletcher*, 986 A.2d 759, 778 (Pa. 2009) ("[I]n exercising one's right to self-representation, [a defendant] relinquishes many … benefits …, including the future right to allege ineffectiveness of counsel." (footnote omitted))). The Commonwealth further emphasizes that,

> [w]hen comparing standby counsel's participation to that of the limitations placed on stand-by counsel[,] "it is important not to lose sight of the defendant's own conduct." *McKaskle* [*v. Wiggins*], 465 U.S. [168,] 182 [(1984)]. [In the instant case, the] proceeding that occurred on May 16th, 2023, was originally scheduled for May 9th, 2023[;] however, [Appellant] refused to be transported from the correctional facility. Once again, on May 16th, 2023, [Appellant] refused to be transported from the correctional facility. [Appellant's] second refusal to be present for her sentencing after receiving an order on May 9th, 2023, advising her that she would be sentenced *in absentia* on May 16th, … shows a blatant disrespect of th[e trial] court and all judicial proceedings. "The right of self-representation is not a license to abuse the dignity of the courtroom." *Id.* at 185 (citing *Faretta v. California*, 422 U.S. 806, [] 835 n[.]46 ([] 1975)). … [A]s [Appellant] was not present during those court proceedings, by refusing to attend the proceedings, [Appellant] acquiesced to stand[]by counsel's participation….

Commonwealth Brief at 16-17.

It is well-settled that "**a defendant who chooses to represent h[er]self cannot obtain relief by raising a claim of ineffectiveness of counsel or standby counsel**." *Commonwealth v. Williams*, 196 A.3d 1021, 1030 (Pa. 2018) (emphasis added) (quoting *Commonwealth v.*

***Spotz***, 47 A.3d 63, 83 (Pa. 2012)[8]); ***see also Fletcher***, 986 A.2d at 778

("[A] defendant who chooses to represent h[er]self has no recourse if [s]he

or standby counsel has been ineffective."). The ***Williams*** Court further

explained:

> When a defendant elects to proceed … *pro se*, the defendant—and
> not standby counsel—is in fact counsel of record and is responsible
> for trying the case. This understanding of the limited role of
> standby counsel is essential to satisfy the United States Supreme
> Court's directive that a defendant's choice to proceed *pro se* must
> be honored out of that respect for the individual which is the
> lifeblood of the law[,] even when the defendant acts to his or her
> own detriment. ***Faretta*** …, 422 U.S. [at] 834….

***Williams***, 196 A.3d at 1029 (some citations, quotation marks, and brackets

omitted).

Instantly, the PCRA court concluded that Pennsylvania law precluded

Appellant from raising a claim of standby counsel's ineffectiveness:

> In ***Fletcher***, 986 A.2d 759, the Supreme Court clearly held that a
> defendant cannot allege a defendant's own ineffectiveness or that
> of standby counsel in a proceeding under the P[CRA]…. In this

---

[8] In ***Spotz***, our Supreme Court observed,

> Although neither the United States Supreme Court nor our Rules
> of Criminal Procedure mandate the appointment of standby
> counsel, a comment to [Pa.R.Crim.P.] 121[, *supra*,] suggests the
> advisability of appointing standby counsel to attend the
> proceedings and be available to the defendant for consultation and
> advice when the defendant has waived his right to counsel for a
> trial….

***Spotz***, 47 A.3d at 82-83; ***see also id.*** at 83 ("[T]he appointment of standby
counsel does not imply or authorize some sort of hybrid representation."
(emphasis omitted)).

matter, [Appellant] clearly is attempting to allege ineffective assistance of standby counsel. This is not permitted by **Fletcher**.

PCRA Court Opinion, 3/4/24, at 8 (citation modified).[9] We discern no error by the PCRA court. **See id.**; **see also Williams**, 196 A.3d at 1030; **Fletcher**, 986 A.2d at 778.

Moreover, there is no merit to Appellant's claim that standby counsel's actions at the May 16, 2023, hearing "elevated [Attorney Decker] from standby to full counsel, with all attendant responsibilities." Appellant's Brief at 10. The record reveals that Attorney Decker (a) properly acted within his limited role as standby counsel; and (b) did not interfere with Appellant's right to self-representation. **See**, **e.g.**, N.T., 5/16/23, at 3 (Attorney Decker emphasizing at the outset, "I'm stand[]by counsel"); **see also** N.T., 3/14/23, at 3 (Appellant stating, "I'm representing myself.").[10]

We also consider Appellant's conduct during the proceedings. **See McKaskle**, 465 U.S. at 182 ("In measuring standby counsel's involvement …,

---

[9] The PCRA court's opinion did not expressly address Appellant's claim that standby counsel "converted himself into counsel" by his actions during the resentencing hearings. Appellant's Brief at 8. However, the PCRA court repeatedly stressed standby counsel's limited role as standby counsel. **See**, **e.g.**, PCRA Court Opinion, 3/4/24, at 7 ("Attorney Decker was acting as standby counsel").

[10] Additionally, as discussed above, the trial court conducted a thorough colloquy of Appellant to ensure her waiver of her right to counsel was knowing, intelligent, and voluntary. N.T., 7/11/22, at 5-8. The court further advised Appellant of her appellate and post-sentence motion rights at the May 23, 2023, sentencing hearing. N.T., 5/23/23, at 12-13.

it is important not to lose sight of the defendant's own conduct."). As stated above, Appellant prevented her transportation from the CCCF to three scheduled sentencing hearings: May 9, 16, and 23, 2023. Appellant's obstinate refusal to attend those hearings (a) exhibited her disdain for the trial court; and (b) resulted in her acquiescence to standby counsel's limited participation to ensure Appellant's legal rights were protected. *Id.* ("Even when [a *pro se* defendant] insists that [defendant] is not waiving [defendant's] *Faretta* rights, … defendant's … acquiescence in certain types of participation by counsel substantially undermines later protestations that counsel interfered unacceptably."); *see also id.* at 183 ("Once a *pro se* defendant invites or agrees to any substantial participation by [standby] counsel, subsequent appearances by counsel must be presumed to be with the defendant's acquiescence, at least until the defendant expressly and unambiguously renews his request that standby counsel be silenced."); *Faretta*, 422 U.S. at 835 n.46. Appellant's claim of ineffective assistance by standby counsel merits no relief.

Based on the foregoing, we discern no abuse of discretion or error of law by the PCRA court in denying Appellant's first PCRA petition; thus, we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>10/11/2024</u>